**James David DICKERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 1734.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 16, 1956.

Decided Feb. 17, 1956.

1. Allowance of an appeal from our decision was denied by the United States Court of Appeals, D.C.Cir., No. 12771, August 18, 1955.

Domenic Tesauro, Washington, D. C., with whom Meredith C. Coffman, Washington, D. C., was on the brief, for appellant.

E. Tillman Stirling, Asst. U. S. Atty., with whom Leo A. Rover, U S. Atty., Lewis Carroll and Forbes W. Blair, Asst. U. S. Attys., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Dickerson was convicted of carrying a dangerous weapon. Code, § 22–3204. On this appeal he contends that there was no probable cause for arresting or searching him and that his motion to suppress the use of the pistol as evidence should have been granted.

The factual situation can best be stated by quoting from the agreed statement of evidence. "Officer John Driscoll testified that at 5:19 a. m. on September 25, 1955, he observed the defendant in front of the Sage School. * * * He testified that when he asked the defendant what he was doing on the street at that hour of the morning he stated that he was waiting for a friend who had just gone into one of the houses on the street. The officer said he then asked the name of the friend and at this point the defendant changed his story and said that he had just parked his cab and was trying to make up his mind whether to go home or not. Officer Driscoll testified that as he turned to leave his left elbow bumped the defendant's stomach hitting an unseen solid object. He asked the defendant what he had in his belt and when he was told 'nothing' in a hesitating manner, he investigated and found a fully loaded .32 caliber revolver 'stuck under' the defendant's shirt and held by his waist belt. When the officer inquired relative to the revolver, he testified that the defendant stated first that he found the pistol in his cab, but later said he bought the gun from an unknown man."

The record recites that defendant agreed to stipulate the facts as above related and offered no testimony in his own behalf. On the unchallenged testimony of the police

officer, we think he had probable cause for making the arrest. We agree that law-abiding citizens should not be subjected to rash or tyrannical interference by police officers. We also agree that a citizen is not to be arrested or searched unless there is reasonable or probable cause for believing that he has committed a crime. But it is well understood that in testing a situation for probable cause we deal with probabilities, not ultimately demonstrable facts, nor with merely technical conceptions. Washington v. United States, 92 U.S.App.D.C. 31, 202 F.2d 214, certiorari denied 345 U.S. 956, 73 S.Ct. 938, 97 L.Ed. 1377, rehearing denied 345 U.S. 1003, 73 S.Ct. 1130, 97 L.Ed. 1408. See also, Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; Dumbra v. United States, 268 U.S. 435, 45 S.Ct. 546, 69 L.Ed. 1032; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. More importantly, we must recognize that our question is not whether the defendant was proven guilty beyond a reasonable doubt (as he would have to be at a trial), but whether as a practical matter a man of ordinary and reasonable caution would have reason to believe that defendant was carrying a gun.

This rule has been variously stated in the several cases we have cited above. It was spelled out by the Supreme Court with great clarity in Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, rehearing denied 338 U.S. 839, 70 S.Ct. 31, 94 L.Ed. 513. We can add nothing to what was said there, and we refer to that decision as embodying the controlling law and charting the course to be followed by trial courts in considering motions to suppress and deciding the question of probable cause.

Nothing that happened in this case does violence to the rules there laid down. The time of night, the evasive and suspicious nature of defendant's behavior, and what the officer felt on contact with defendant, all combined to establish probable cause and justify the arrest.

Affirmed.

QUINN, Associate Judge, dissents.