Joseph V. JONES, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2514.

Municipal Court of Appeals for the District of Columbia.

Submitted Feb. 8, 1960.

Decided March 17, 1960.

William A. Bachrach, Washington, D. C., for appellant.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, Hubert B. Pair and Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

Appellant was convicted of vagrancy under Code Section 22–3302(1) (Supp. VII), on an information which charged, in the words of the statute, that he was by confession or conviction "known to be a pickpocket, thief, burglar, confidence operator, or felon," had no lawful means of support, and failed to give a good account of himself when found loitering.

The evidence adduced at trial was as follows: The arresting officers testified that they observed appellant and one Dennis Hopkins walking in the 600 block of S Street, N. W., about 12:30 P.M.; that appellant was walking close to the building line and was carrying "an old, dirty brown paper bag." They recognized the men as convicted thieves and narcotic users and followed them in the belief that the paper bag contained stolen property. Appellant ran into a nearby house [where he was known] and dropped the paper bag, which contained four glass jars with candles in each. Both officers testified that they had not made any formal vagrancy observations of appellant prior to this occurrence, and that they were not aware of any property reported stolen which was similar to that found in appellant's possession. Appellant testified that he was a hod-carrier but did not report to work that day because of a sore shoulder. It was stipulated at trial that appellant had a previous felony record.

■■ Appellant questions the sufficiency of the evidence. We find no evidence that appellant was loitering or prowling

around one of the public places mentioned in the statute. While it was stipulated that he was a felon, this standing alone does not make out a case.[1] The statute requires proof of the other elements to complete the offense. The record shows that appellant was walking along a street shortly after the noon hour carrying a paper bag. The officers recognized him as a convicted thief and pursued him because they assumed that he was carrying stolen goods. According to their testimony, they had no information that an offense had been committed. It would appear that appellant was arrested solely because of his past criminal background. Since the record is absolutely devoid of any evidence of loitering,[2] the arrest was not valid.

Reversed.

1. Cf. Clark v. District of Columbia, D.C. Mun.App.1943, 34 A.2d 711.

2. Cf. Barnard v. District of Columbia, D.C. Mun.App.1956, 125 A.2d 514.