**William E. BROOKS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 2465.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 4, 1960.

Decided April 7, 1960.

---

T. Emmett McKenzie, Washington, D. C., for appellant.

Donald S. Smith, Asst. U. S. Atty., Washington, D. C., with whom Carl W. Belcher, Asst. U. S. Atty., and Oliver Gasch, U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant was convicted of petit larceny under Code 1951, § 22–2202 (Supp. VII). He assigns as error in this appeal the denial of his motion to suppress evidence seized at the time of his arrest, contending

that there was no probable cause to justify the arrest made without a warrant.[1]

The factual background is as follows. The arresting officer had been assigned to a "special 'shop-lifting' detail" and was in his parked automobile on a street in the commercial area of Washington, D. C. It was 6:30 p. m. in the month of December, and presumably dark. The officer observed appellant and one Johnson,[2] both of whom he recognized as having prior convictions for larceny, walking along the street in a northerly direction and carrying a console-type record player. The two men went into a liquor store with the machine. The officer got out of his automobile and followed them inside; there he saw that the record player was new and still bore the store tags of the Western Auto Supply Company. He questioned the men about the machine; appellant stated that it belonged to his mother and he was taking it to be repaired. The officer pointed out that the machine still had tags on it and was obviously new, whereupon appellant changed his story and said the machine had been given to him by an unknown person around the corner. When asked for a description of the person, appellant was unable to comply.[3] At this point the officer placed appellant and Johnson under arrest and took them to the police station. The Western Auto store was called; the manager went to the station, identified the machine as store property, stated that it had not

been sold and that it had been on the floor of the store at 6:00 p. m. that day.

■ Based upon the foregoing we think the officer had probable cause to arrest appellant and Johnson. Probable cause must be supported by more than bare suspicion, but if the facts and information within the officer's knowledge would warrant a reasonable and prudent man to believe an offense had been or was being committed, the conviction will not be reversed.[4] The concept involves probabilities, not technicalities, and if the officer sees what he believes to be the fruits of the crime being carried away he is not required to blind himself to the evidence his senses, trained to be alerted to the very crime being committed, bring him.[5] Further, the probabilities must be measured by the standards of the reasonable, cautious and prudent peace officer as he sees them, and not those of the casual passerby. Bell v. United States, supra.

■ However clear the law may be in theory, its application poses more of a problem. Courts recognize, and we have so agreed in Mathis v. United States, D.C. Mun.App., 129 A.2d 178, that a finding of probable cause revolves around the facts of each individual case. It was normal for the officer to become suspicious when he saw convicted thieves carrying a large console record player along a street at night. Knowledge of the background of the per-

---

1. Code 1951, § 23–306(c) (Supp. VII). "Arrests without a warrant, and searches of the person and seizures pursuant thereto, may be made for violation of section 22–2202 (petit larceny), by police officers, as in the case of a felony, upon probable cause that the person arrested has in his possession at the time of the arrest, property taken in violation of that section."

2. Johnson was acquitted of the charge of petit larceny by the verdict of the jury.

3. At the hearing on the motion to suppress, as well as at trial, appellant testified that

he had told the arresting officer he bought the record player for $35 from a friend he had not seen for a long while. On cross-examination he refused to identify this person. The officer denied that appellant had given this account at the time of arrest.

4. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Bell v. United States, 102 U.S.App.D.C. 383, 254 F.2d 82; Dickerson v. United States, D. C.Mun.App., 120 A.2d 588.

5. Ellison v. United States, 93 U.S.App.D.C. 1, 206 F.2d 476.

son is no doubt an important part of the fact pattern constituting probable cause;[6] and in Green v. District of Columbia, D.C. Mun.App., 91 A.2d 712, we said that lack of knowledge on the part of the arresting officer concerning the background of the person arrested was an important omission in the facts relied upon to show probable cause. This alone, however, would not have justified an arrest at the time the officer followed the suspects into the liquor store and saw that the record player was new and still had the store tags attached. But the arrest did not occur then. The officer had followed the suspects into a public place where he had a right to be; and merely questioning them cannot be construed as a restriction of liberty constituting arrest,[7] for they could have refused to answer.[8] Rather, the arrest followed the questioning, for it was by the answers thereto that the officer determined that the matter warranted further investigation. Considering all the facts and the improbable nature of the answers, we cannot say this was not a reasonable and prudent decision. We do not decide what may have been the case had appellant and Johnson been arrested following a refusal to answer, or following an answer which they adhered to, whether logical and persuasive or not. We merely decide that when appellant chose to answer when he could have kept silent, his own inconsistent and unbelievable replies provided the final element required to thrust the matter over the thin line dividing mere suspicion from probable cause and left the officer no choice but to arrest.

Appellant relies on our decision in Mathis v. United States, supra, where we reversed a conviction for violation of the lottery statute due to the lack of probable cause for arrest. The facts of that case are manifestly different. There, defendant had been observed placing a tin can in a certain section of the cafeteria where he worked. The manager, suspecting possible theft, notified a police officer. A search of the can was made when the defendant left with it, but nothing of value was found within. Nevertheless, the officer searched the person of the defendant and discovered gambling slips in his wallet which later formed the basis of the prosecution. The language used there to refute probable cause is similar to many other cases where a person suspected of possessing illicit goods is arrested, searched and prosecuted for possessing something entirely different; or where the belief that the person possesses such goods is based on so little information that it is really by chance that the person is found to possess the things sought. But those cases dealing with illegal search and seizure are not controlling in this case. Subsequent to the arrest there was no search for and seizure of evidence which later became the basis of the prosecution. What was seized here and what was introduced as evidence at the trial was seen before the arrest, and it was the inability of appellant to supply a reasonable explanation for possessing what was seen that forced the decision to arrest. Moreover, in Mathis we said the nature of the tin can was inherently innocent and the mere suspicion of the cafeteria manager was not sufficient to justify calling an officer to search the can, let alone the person of the suspect. The nature of the goods in this case is equally innocent but it does not follow that there was here no cause for suspicion. It must be recalled that the officer was assigned to watch for shop-lifters, that the persons he saw were known to him as thieves, and what they carried was brand new and still tagged. Thus, the suspicions here were not groundless, and we think that it was the officer's duty at that point to investigate. What-

6. Brinegar v. United States, supra; Ellison v. United States, supra; Price v. United States, D.C.Mun.App., 119 A.2d 718.

7. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134.

8. Green v. United States, 104 U.S.App.D.C. 23, 259 F.2d 180.

ever turn the case took after that depended on the developing events as interpreted by the officer. A refusal to answer may have left the situation short of probable cause, but we cannot decide what may have been had events developed differently; we only say that the course appellant took in attempting to explain possession of the record player was totally inadequate to satisfy the suspicions of a reasonable man.

Appellant also argues the failure of the government to prove venue. He has not formally preserved this error in his statement of errors claimed, nor does the statement of proceedings and evidence reflect such a defect. The argument is without merit.

Affirmed.

QUINN, Associate Judge (dissenting).

. I think this case is controlled by the principles of law enunciated recently in Jones v. District of Columbia, D.C.Mun. App., 158 A.2d 771. The record conclusively shows that if it had not been for appellant's past criminal background, he would not have been followed, questioned and arrested. I think the arrest was invalid and therefore the motion to suppress should have been granted.