**Benji V. EMBURGH, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 2605.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 29, 1960.

Decided Oct. 14, 1960.

Rehearing Denied Nov. 15, 1960.

---

3. See Bailey v. Ford, 1927, 151 Md. 664, 135 A. 835; Teets v. Hahn, 1927, 137 A. 559, 5 N.J.Misc. 538.

Sam Weiss, Newark, N. J., of the Bar of the State of New Jersey, pro hac vice, by special leave of court, for appellant. William J. Garber and Meredith C. Coffman, Washington, D. C., were on the brief, for appellant.

John Jude O'Donnell, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, retired) sitting by designation under Code § 11-776(b).

CAYTON, Acting Judge.

At about 1:30 one morning two police officers in a scout car observed two men, later identified as appellant Emburgh and one Coleman, seated in a parked car on a dark street. As the scout car approached, appellant on the rear seat and Coleman in the front "appeared to duck down" to the left side of the automobile. Thereupon, one of the officers left the police car to investigate and shined his flashlight into the rear of the car. As the light fell on appellant, he arose from his crouched position, and the officer noticed a shiny object, which appeared to be a gun, falling to the floor near appellant's feet. Then, the officer testified, "I hollered to my partner to watch out, that they had a gun, and I drew my revolver and ordered them out of the car." The "shiny object" on the floor of the car was in fact a fully loaded pistol. On the back seat the officers found another loaded pistol, in an "airplane bag."

In separate informations the two men were charged with the offense of carrying concealed weapons. Code 1951, § 22–3204 (Supp. VIII). Appellant pleaded not guilty and filed a motion to suppress, after the denial of which, there was a trial by the court. Government testimony was as we have already summarized it and appellant did not take the stand. Coleman, who had pleaded guilty, testified that he and Emburgh had come down from Newark, New Jersey that day to visit Laurel Race Track, had later traveled to the District to see a friend, and at the time of the arrest were in an automobile of his friend. Coleman testified that both guns belonged to him, and that just before the policeman arrived, he was showing one of the guns to appellant. He further said that he, not appellant, dropped the gun when the police car came by. The trial court found appellant guilty.

The first error assigned is the denial of the motion to suppress evidence. Appellant contends that there was no probable cause for the arrest and that the search incidental thereto was unlawful.

The situation is governed by a specific statute which is tied into the dangerous weapon statute (and certain others) and authorizes "arrests without a warrant, and searches of the person and seizures pursuant thereto, * * * upon probable cause that the person arrested is violating the section involved at the time of the arrest." Code 1951, § 23–306 (Supp. VIII). The question of probable cause has been the subject of many decisions in this jurisdiction. In Dickerson v. United States, D.C.Mun.App., 120 A.2d 588, this court considered a situation where an officer encountered a man loitering on the street at an early hour of the morning and asked what he was doing. After a rather evasive reply, the officer turned to leave and in so doing, the officer's elbow bumped a solid unseen object on the man's stomach, which object on investigation proved to be a loaded revolver. We reviewed the authorities, including Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, and ruled that the circumstances provided sufficient probable cause for the arrest and attendant search. In a later case we held that an order to stand up coupled with the officer's seizure of the suspect's arm as the latter was about to reach into his pocket was such a restraint on the person as to constitute an arrest. Consequently, we held it could not be said that the subsequent removal of two guns from the suspect's pockets preceded rather than followed the arrest. Cormier v. United States, D.C. Mun.App., 137 A.2d 212.

The following year in a somewhat similar case our United States Court of Appeals held that an officer may arrest without a warrant "when he has reasonable grounds, in light of the circumstances of the moment as viewed through his eyes, for belief that a felony has been committed and that the person before him [has] committed.it." Bell v. United States, 102 U.S. App.D.C. 383, 254 F.2d 82, 87, certiorari denied 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed. 2d 113. Followed and cited in Robinson v. United States, D.C.Cir., 283 F.2d 508.

In the case before us the hour of the night, the darkness of the area where the two men were found, their furtive movements when the officers approached, and the presence of what appeared to be a pistol at appellant's feet, combined to establish probable cause and justify the arrest.

Our conclusions are not in conflict with Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 171, 4 L.Ed.2d 134. There the holding of lack of probable cause turned largely on the fact that officers investigating thefts of whiskey followed and later arrested the accused who, it developed, was in possession of stolen radios. The Court said, "When the officers interrupted the two men and restricted their liberty of movement, the arrest, for purposes of this case, was complete. It is, therefore, necessary to determine whether at or before that time they had reasonable cause to believe that a crime had been committed." What the officer in this case saw "at or before" the time of arrest (when he ordered the two men out of the car), was what he believed to be a pistol within easy reach of appellant. The evidence established that there was probable cause for the arrest. What we have said disposes of appellant's basic challenges as to the sufficiency of the evidence, made at the end of the Government's case, at the close of the entire case, and by later motion for acquittal or for a new trial. But one matter requires discussion. Appellant says the trial judge erred in considering a "stipulation," made in connection with the motion to suppress, to the effect that he had a possessory interest in the evidence (two pistols) sought to be suppressed. Actually no formal, written stipulation was presented to the judge who heard the motion to suppress; it was merely a verbal statement by counsel. A different judge presided at the trial of the case, and in the approved statement of proceedings he has certified that his decision was based solely on the testimony adduced at the trial. In the stenographic transcript

of the trial there appears no testimony or offer of testimony as to the stipulation, and it does not appear to have affected the decision in any way. The testimony of the police officer supplied the essentials on which to predicate a conviction. We find no error in the record.

Affirmed.