William Henry **HIET**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 19747.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 21, 1966.

Decided Jan. 12, 1967.

Petition for Rehearing En Banc
Denied March 9, 1967.

Mr. Richard J. Flynn, Washington, D. C. (appointed by this court), with whom Mr. David J. Boyd was on the brief, for appellant.

Mr. James A. Strazzella, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and DANAHER, Circuit Judge, and BASTIAN, Senior Circuit Judge.

DANAHER, Circuit Judge.

This appellant was convicted of unlawful possession on February 17, 1965 of some 16 packages which had been stolen from the United States mails in violation of 18 U.S.C. § 1708. He has here contended that the District Court erred in denying his *motion to suppress* certain mail bags and that he otherwise had not received a fair trial.

The Government offered evidence to show that about 12:50 A.M. on February 17, 1965, two Metropolitan police officers had stopped their police car at Fourth and F Streets, N. E. This appellant then owned and was operating an automobile which he drove through the stop light at approximately 30 miles per hour. Officer Ashburn turned on the police car's red light and with siren sounding, commenced pursuit of Hiet's car. Thereupon, Hiet halted his car briefly but renewed his flight, only to strike two parked cars after turning from Second Street into G Street. The Hiet car continued into an alley where it presently collided with a fence. Hiet jumped from the car and continued his flight on foot. The opening of the door on the abandoned vehicle had caused the car's dome light to come on. As Officer Emmart approached

**912**

he readily saw two bags labeled "U. S. Mail." In the right front seat of the car was one Raymond Cloud whom the officer placed under arrest.

Meanwhile, Officer Ashburn had apprehended Hiet. With Cloud[1] in the back seat of the police cruiser, Officer Emmart drove around the block and joined Officer Ashburn who called for a police wagon. Hiet was placed inside as the two officers returned to Hiet's car. Both doors were still open, the inside dome light was still lighted, and the officers saw the two mail bags, one on top of the other, just behind the driver's seat. The bags were taken to a police precinct and were examined by Inspector Weaver of the Post Office Department who determined that the packages in the mail bags had been mailed and had been received by the postal authorities.

Although no pretrial motion for the suppression of the mailed items had been made, defense counsel at trial asked to reserve the right to object to the introduction of the evidence. In due course a motion to suppress was offered on the ground that the mail bags had been seized without the officers' having procured a search warrant. The trial judge ruled that the seizure was valid.

When the officers approached the car they saw the mail bags in plain view, and the case accordingly, is totally unlike the circumstances shown in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L. Ed.2d 777 (1964); cf. Price v. United States, 121 U.S.App.D.C. 62, 348 F.2d 68, cert. denied, 382 U.S. 888, 86 S.Ct. 170, 15 L.Ed.2d 125 (1965). Since there was no search, Harris v. United States, 125 U.S.App.D.C. ——, 370 F.2d 477 (en banc, 1966), a search warrant was unnecessary. The only question is whether or not the mail bags could be seized. Although it is possible that the mail bags could have been in appellant's possession lawfully, the cir-

cumstances outlined above gave the officers probable cause to believe that a crime involving the mail bags had been, and was being, committed. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). The trial judge so found. The officers could seize the mail bags as a fruit of the crime.

The appellant did not take the stand and no explanation was offered as to his possession of the mail bags. Cf. Yee Hem v. United States, 268 U.S. 178, 185, 45 S.Ct. 470, 69 L.Ed. 904 (1925); Dunlop v. United States, 165 U.S. 486, 502, 503, 17 S.Ct. 375, 41 L.Ed. 799 (1897).

The appellant has not substantiated his claim that the trial court abused its discretion by not granting a continuance. The judgment of the District Court is

Affirmed.

---

1. The intoxicated Cloud informed police that Hiet had picked him up and was taking him home; he had no knowledge concerning the mail bags. What disposition was ultimately made of Cloud's case does not appear on this record. The Government unsuccessfully attempted to locate him, but Cloud did not appear at Hiet's trial.