**Lawrence PERRY, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 4182, 4183.**

District of Columbia Court of Appeals.

Submitted May 29, 1967.

Decided June 26, 1967.

O. B. Parker and James K. Hughes, Washington, D.C., for appellant.

David G. Bress, U.S. Atty., Frank Q. Nebeker, Carl S. Rauh and Edward T. Miller, Asst. U.S. Attys., for appellee. Henry F. Field, Asst. U.S. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, CAYTON (Chief Judge, Retired), and QUINN (Associate Judge, Retired).

CAYTON, Judge.

Appeal from convictions of unlawful entry, D.C. Code 1961, § 22–3102 and carrying a deadly weapon, D.C. Code 1961, § 22–3204.

At trial the prosecution presented the testimony of two police officers who had engaged in a stake out at a downtown hotel.

One officer testified that at 6:20 a. m. he encountered defendant who had just ascended the stairs to the fifth floor of the hotel and asked him what he was doing there, to which question defendant made no reply. The officer then asked him if he was an employee of the hotel and defendant answered no; and when asked who he was, answered that he was looking for a bathroom. At that point the second officer approached, and because of an outline visible in the pocket of defendant's skin-tight pants, warned the first officer and grabbed from defendant's pocket a hawk-billed linoleum clasp knife, which had a three and a half inch blade altered to open 270 degrees so that the cutting edge faced forward and the blade extended at right angles to the handle. Defendant was then placed under arrest on the dangerous weapon charge and taken downstairs to the hotel lobby. The statement of proceedings recites that at the front desk the officers had a conversation with the night manager, "and warned defendant of his rights as required by the *Miranda* decision. Having been warned, the defendant asserted that he had entered the hotel through the front door." The night manager testified that defendant was not a registered guest of the hotel, or an employee, and had not received permission to enter the building or go to the upper floors. The point of this testimony was that the officers having taped all the doors leading to the two inside fire stairways, this was the only means of access defendant had. As a result, he was also charged with unlawful entry.

 It is claimed that the arrest, and the search, and seizure of the weapon, were improper. In this connection it is proper to consider the hour of the night, the circumstances under which defendant was encountered in the hotel corridor and his suspicious presence and behavior. It is clear that the second officer had reasonable ground to believe that the object in defendant's pocket was a knife. In similar circumstances we have held that there was probable cause for arrest and seizure and

have sustained the resulting convictions. Emburgh v. United States, D.C.Mun.App., 164 A.2d 342; Dickerson v. United States, D.C.Mun.App., 120 A.2d 588. We have examined the knife, which was in evidence, and we are satisfied from its size and shape, and the way the blade was arranged to operate, that the trial court was justified in concluding that it was in fact being carried in violation of law.

We are also satisfied that the circumstances were such as to justify the arrest. These we have already described. In the brief encounter with defendant the three general questions put to him by the first officer were surely non-coercive. This form of questioning is not "custodial interrogation" within Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. See White v. United States, D.C.App., 222 A.2d 843.

■ Finding no error, and being satisfied that the evidence fully supported the convictions, they must stand.

Affirmed.