**UNITED STATES of America**

v.

**Alfred HUFF and Alfred A. Fortune.**

**Crim. No. 807–67.**

United States District Court
District of Columbia.

Dec. 18, 1967.

**144**

U. S. Atty's Office, for the United States.

Edwin B. Brown, Jr., Washington, D. C., for defendant James A. Simms.

Daniel G. Grove, Washington, D. C., for defendant Alfred A. Fortune.

Nathan M. Brown, Washington, D. C., for defendant Alfred P. Huff.

## MEMORANDUM AND ORDER

LEONARD P. WALSH, District Judge.

This matter came before the Court on defendants' pretrial motion to suppress weapons, ammunition, and a ski mask

seized from them, on the ground that the search was made without a warrant and without probable cause. The Court has heard testimony, oral argument, and has considered defendants' supplemental memorandum. According to the testimony, the event in question occurred substantially as follows:

On May 10, 1967, about 5:30 p. m., in the 4700 block of Deane Avenue, N.E., Officers Becker and Kalick noticed a 1963 Pontiac convertible with South Carolina tags. As Officer Becker had seen this car in the vicinity on previous occasions, he pulled it, with the three occupants, to the curb to check for violation of the out-of-state tag law. The driver, Huff, produced his permit, but was unable to find the registration card. Officer Becker asked Huff to check the glove compartment, and thought he saw a revolver in the compartment when Huff opened the compartment and shut it quickly. Huff was immediately escorted to the scout car. Without then speaking to Officer Kalick, Officer Becker asked defendant Fortune, who was sitting in the front seat, to step out, and the officer then searched the glove compartment. Not finding a gun in the compartment, he then felt under the front seat, where he discovered two pistols. Shortly thereafter the officers found another pistol, the ammunition and the ski mask in the rear of the car. At this point a patrol wagon arrived and the three defendants were taken to the Fourteenth Precinct.

 As a general rule, police may make an arrest and incidental search in a public place without a warrant upon probable cause that a felony has been committed.[1] In the District of Columbia this principle is applicable to suspected violations of 22 D.C. 3204.[2] Arrest and search are valid even though it may have been practicable to obtain a warrant [3] or

---

1. Carroll v. United States, 267 U.S. 132, 156, 45 S.Ct. 280, 69 L.Ed. 543 (1924); Bailey v. United States, No. 20,623, Dec. 14, 1967, U. S. Court of Appeals for the District of Columbia Circuit, 389 F.2d 305; Ford v. United States, 122 U.S. App.D.C. 259, 352 F.2d 927 (1965).

2. 23 D.C.Code Sec. 306 (1967).

3. Ford v. United States, supra; Stephens v. United States, 106 U.S.App.D.C. 249, 271 F.2d 832 (1959).

to impound the car.[4] What facts and circumstances constitute probable cause varies with the situation. Suspicion that a person has committed an offense, when based on sufficient particularized information, is enough. If the information before the officer,—as viewed through his eyes,—is such to warrant a man of prudence and caution believing that an offense has been committed, generally probable cause is held present.[5]

A police officer who reasonably believes he sees a prohibited weapon on or about defendant need have little other information for probable cause to be present. In Hargrove v. United States,[6] for example, an officer, while questioning the defendant driver, observed him conceal what appeared to be a pistol under the car seat. Feigning unawareness, the officer directed the driver to accompany him to the police station. Upon reaching the station the car was immediately searched. The United States Court of Appeals for the District of Columbia affirmed without opinion the holding that probable cause existed to search both the inside of the car and the trunk.

The District of Columbia Court of Appeals has considered the information before the officers in the following instances sufficient for probable cause to search for weapons: (1) Two men seated in a parked car at 1:30 a. m. appeared to duck down as the scout car approached. When a light was shown into the car, the officer noticed a shiny object, which appeared to be a gun, fall to the floor near the defendant's feet.[7] (2) Defendant who was on the street at 5:19 a. m. gave evasive answers to questions. As the officer turned to leave, his left elbow bumped an unseen object near defendant's stomach.[8] And (3) defendant told officers, who were staking out a hotel, that he had climbed to the fifth floor to find a bathroom, and the officer thought he saw a knife from the outline visible in the pocket of defendant's skin tight pants.[9]

In the light of the decisions in this jurisdiction, this Court finds that after the officer thought he saw a gun, sufficient information existed to warrant a man of prudence and caution in believing an offense had been committed. Defendants were lawfully stopped originally pursuant to the police officers power to check for traffic violations. After Huff, and later Fortune, were asked to step from the car, arrest for violation of 22 D.C.Code Sec. 3204 resulted.[10] Whether or not a specific statement of that fact was made is irrelevant.[11] Detainment for violation of section 3204 and the incidental search properly occurred after probable cause existed. Contrary to defendants' contention, the probable cause did not evaporate when no gun was found in the glove compartment. Once cause existed to search for the prohibited weapon, clearly the likely places within the car can be inspected.[12]

Accordingly, for the reasons stated above, it is this 18th day of December, 1967,

Ordered, that the Motion to Suppress be, and the same hereby is, denied.

4. Adams v. United States, 118 U.S.App. D.C. 364, 336 F.2d 752 (1964).

5. Carroll v. United States, supra. E. g., Bailey v. United States, supra; Stephens v. United States, supra.

6. No. 19,614, D.C.Cir., May 20, 1966. See also Brown v. United States, 125 U.S. App.D.C. 43, 365 F.2d 976 (1966).

7. Emburgh v. United States, 164 A.2d 342 (D.C.Mun.App.1960).

8. Dickerson v. United States, 120 A.2d 588 (D.C.Mun.App.1956).

9. Perry v. United States, 230 A.2d 721 (D. C.App.1967).

10. Brown v. United States, 125 U.S.App. D.C. 43, 365 F.2d 976, 979 (1966).

11. Ibid. See Bailey v. United States, No. 20,623, Dec. 14, 1967, United States Court of Appeals for the District of Columbia, 389 F.2d 305.

12. E. g., Hargrove v. United States, No. 19,614 (D.C.Cir. May 20, 1966).