**Larry G. LEE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4602.**

District of Columbia Court of Appeals.

Argued March 11, 1968.

Decided May 29, 1968.

Joseph Paull, Washington, appointed by this court, for appellant.

William G. Reynolds, Jr., Asst. U. S. Atty., with whom David G. Bress, U. S.

---

Atty., Frank Q. Nebeker and Daniel J. Givelber, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge:

This appeal is from a conviction by the court of carrying a pistol without a license. D.C.Code 1967, § 22-3204. The principal claim of error is the denial of appellant's several motions to suppress made both prior to trial and at trial.

The arresting officer testified that on July 30, 1967, about 1:25 a. m., while on patrol near the Downtown Motel, 1345 Fourth Street, N. E., he observed appellant and another man having a conversation through a glass door with the manager of the motel, whom he knew. The officer pulled his scout car into the driveway of the motel and as he did so appellant, who was carrying a paper bag in his hand, hurriedly turned from the motel door, approached the scout car and asked where he could get some cigarettes. The officer, in turn, asked appellant if he was staying at the motel. When appellant said that he was not because the manager would not let them in, the officer asked him how was he traveling. Appellant answered that he was hitchhiking, but his companion said that they had a car around the corner. In the course of some further conversation as to why appellant had not purchased cigarettes at a store which he passed on the way to the motel the officer observed that the paper bag in appellant's hand contained an object that was very large for such a small bag. His testimony was: "Then, after seeing what appeared to be a gun I stepped out of the scout car and I said, 'is that a gun you got in that bag?' And he started walking back and I said, 'drop it to the ground.' He dropped it and I went over and picked it up." When he was later asked to explain how he knew the bag contained a gun, the officer said that "The weight was too heavy for the bag."

We think it immaterial whether or not the trial court made its own independent determination on the motion to suppress or, as is alleged, merely adhered to the ruling on the motion made prior to trial. In either case the ruling was correct.

An arrest without a warrant for carrying a dangerous or deadly weapon may be made on probable cause. D.C.Code 1967, § 23-306. Furthermore, a police officer is not privileged to ignore facts which would give him reasonable cause to believe that a person is carrying such a weapon. Emburgh v. United States, D.C.Mun. App., 164 A.2d 342 (1960); Dickerson v. United States, D.C.Mun.App., 120 A.2d 588 (1956). Here the officer had logical reasons for believing that the paper bag in appellant's hand contained a gun. At an early hour in the morning he saw two men talking through a glass door of a motel to the manager, whom he knew. When they saw him approach in the scout car they hurriedly moved away from the door. He was told that the manager would not let them in and in the course of further conversation received inconsistent answers to his inquiries. He noted that appellant was carrying a bag containing a large heavy object. It appeared to him to be a gun. When he asked if there was a gun in the bag appellant did not answer and started backing off. In our opinion these facts support a finding of probable cause for appellant's arrest and the attendant seizure of the gun.

Appellant also argues that there was insufficient evidence to support his conviction because the weapon and the paper bag were never formally introduced into evidence. Both were marked as exhibits and identified by the officer, and since the whole thrust of the defense was to suppress the evidence, the exhibits were treated by all parties as in evidence after the motion was denied by the court. No motion for judgment of acquittal was made at the close of the case, but aside from the

fact that this point is raised for the first time on appeal, we find the officer's independent testimony with respect to the possession of a gun, to which no objection was made, sufficient to support the conviction. Coleman v. United States, D.C.App., 219 A.2d 496 (1966), rev'd on other grounds, D.C.Cir., No. 20,220, dated November 9, 1966.

We have examined the remaining claim of error and find it to be without merit.

Affirmed.