**Neil Clifford BACKSTROM, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4696.**

District of Columbia Court of Appeals.

Argued Jan. 6, 1969.

Decided May 7, 1969.

Lawrence J. Winter, Washington, D. C., for appellant.

Sandor Frankel, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Benton L. Becker, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KERN and GALLAGHER, Associate Judges.

HOOD, Chief Judge:

This appeal questions the validity of a conviction for unlawful possession of marihuana.[1] The facts are fairly simple and largely undisputed.

Appellant was stopped by a police officer for a traffic violation (backing when such movement could not be made with safety) and because he was an "out of state" driver (he had a California driver's license and his automobile bore California registration tags), he was required to drive to the police precinct to post collateral. At the precinct appellant was unable to produce the required collateral,[2] and as a result was to be locked up. Preliminary to placing appellant in a cell, the arresting officer searched him. Besides some per-

1. D.C.Code 1967, § 33–402(a).

2. A companion of appellant who was in the car at the time it was stopped had gone to attempt to secure the required collateral which we understand was either $5.00 or $10.00.

sonal effects, the search revealed a bottle containing fifty-eight unmarked tablets. The officer asked the nature of the tablets and appellant said they were vitamin tablets. The officer suspected that the tablets might contain L. S. D. or some narcotic, and his suspicion caused him to recall that when appellant alighted from his parked automobile at the precinct he had brushed from the front seat to the floor a blue cigarette case. The officer did not know whether this was done intentionally or not and at the time gave no significance to the act. However, when he became suspicious of the tablets he recalled the incident and went out to the car, brought the case into the precinct, opened it and found "three rolled pieces of paper containing a green weed, which was suspected marihuana." Expert examination of the tablets and hand-rolled cigarettes revealed no illegal material in the tablets but did reveal marihuana in the cigarettes. This led to the charge and conviction here appealed.

There are numerous cases in this jurisdiction and elsewhere dealing with the legality of the seizure of articles found in automobiles. We need not enter into a discussion of all those cases. It is enough to say we found no case whose facts fit the present case. Here the automobile itself had not been lawfully seized by the police,[3] and the seizure of the cigarette case was not incident to the arrest.[4] Neither was this a case where articles of the same description as recently stolen goods were observed in the automobile.[5] Nor is this a case where a gun, numbers slips or other forbidden articles are found in plain view. It is abundantly clear that in this case if appellant had been able to post collateral at the station he would have been free to depart with his automobile and its contents. He was not then even suspected of having committed any offense other than the traffic violation. The question presented, as we see it, is whether the officer, upon discovering the tablets on appellant's person and not being satisfied with appellant's explanation of the nature of the tablets, had probable cause to return to the automobile, seize the cigarette case and search its contents.[6]

The Government attempts to justify the seizure on the ground that the cigarette case was in plain view and had been seen by the officer and that he did not return to the automobile to search it but simply to retrieve that which he had already seen, and therefore there was no unlawful search, but the Fourth Amendment protects against both unlawful searches and seizures. Surely no one would contend that a police officer, upon stopping a motorist for a traffic violation, has the right to seize anything he sees in the automobile regardless of its nature.

The arresting officer was not a drug or narcotic expert and he gave no reason for suspecting that the tablets contained drugs or narcotics. He merely said he "became suspicious of the contents of the bottle" and he "went out to get the cigarette case to find out what was in there, mainly because of the influence that the pills had on me." Suspicion alone does not constitute probable cause and it is plain the officer's action was based on nothing more than suspicion. We hold that the cigarette case and its contents were unlawfully seized and the motion to suppress should have been granted.

Reversed.

3. See Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967).

4. See Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).

5. See Coates v. United States, U.S.App. D.C. (decided April 7, 1969) ; Creighton v. United States, 132 U.S.App.D.C. ——, 406 F.2d 651 (decided November 26, 1968).

6. See Hiet v. United States, 125 U.S.App. D.C. 338, 372 F.2d 911 (1967).