Lewis HARRIS, Appellant,

v.

UNITED STATES, Appellee.

No. 4520.

District of Columbia Court of Appeals.

Argued March 17, 1969.

Decided June 30, 1969.

Walter E. Gillcrist, Washington, D. C., for appellant.

Robert P. Watkins, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Carl S. Rauh, Asst. U. S. Atty., also entered an appearance for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

After a jury trial, appellant was convicted of possession of number slips[1] and sentenced to 60 days imprisonment. He was acquitted of another charge of number slips possession and two charges of maintaining gambling premises.

Pursuant to a search warrant, the police entered a house occupied by appellant, though leased by another person. After announcing their presence at the front door, there was a brief delay before appellant opened the door. The officers proceeded immediately to the second floor, where there were two bedrooms, a bathroom and a hallway. They seized a large quantity of number slips in a box container in the hallway at the top of the steps. They also seized number slips and "cut cards" in the front bedroom, which was occupied by appellant. Additionally, they seized from appellant's person two previously marked and recorded one dollar bills which the police had given to an informant for the purpose of placing number bets with appellant and which matched the recordation. Photographs were taken of the premises and the number slips.

On the following day the police entered the same house pursuant to another search warrant. This time they seized number

1. D.C.Code 1967, § 22–1502.

slips located in the rear bedroom on the second floor.

At the close of the Government's case, several exhibits consisting of the foregoing documents were offered in evidence. Appellant objected only to the exhibits found in the hallway and rear bedroom on the ground there was no showing that these belonged to appellant. The following then transpired:

"THE COURT: I think that is the issue for the jury. I will reserve my ruling though.

[Attorney for Defendant]: Very well, your Honor."[2]

No such ruling was later made and no Government exhibits were ever received in evidence.

The defense case consisted of the testimony of a real estate agent to the effect that the lease for the premises was signed by a person other than appellant. The lease was admitted into evidence. The agent admitted on cross-examination that appellant told him previously that he had been a long-time occupant of these premises and was at the time of the arrest.

At the conclusion of the defendant's case, the court reserved ruling on his motion for a judgment of acquittal on all charges. Although the Government's exhibits were not received in evidence, it was agreed at oral argument here that both parties argued concerning them to the jury, thus treating them as being in evidence.

Appellant now contends that since the court reserved ruling on the admissibility of the Government's exhibits at the close of the Government's case, he was prejudiced in putting on his case as he did not know what evidence he was required to counter.

■ The trial court's failure to rule on the Government's exhibits prior to the beginning of the defendant's case was, of course, error. The question is whether this omission prejudiced appellant to the extent that reversal is required on this record. We think not.

■ If appellant was in a dilemma at the outset of his case on what he was required to rebut because of the court's failure to rule on the Government exhibits, it would have been a simple matter to bring this to the court's attention and obtain a ruling on the exhibits. This was not done. Beyond that, however, there was considerable oral testimony from arresting officers that number slips were found in the front bedroom occupied by appellant. There was no dispute concerning his occupancy of this room.[3] It was not essential that the number slips be received in evidence to prove appellant's possession of them. This may be established by oral testimony. Lee v. United States, D.C.App., 242 A.2d 212 (1968). Since there was ample oral testimony by Government witnesses to establish his possession of number slips, appellant could hardly be unaware of what he was required to counter on this charge if he could do so.

We see no error in this record requiring reversal and the judgment is

Affirmed.

2. Counsel for appellant, who was defense counsel below, argues in respect to the quoted colloquy that he was under the impression he had made a motion for judgment of acquittal at that time though the transcript contains no such language. He contends, however, that the trial court must have understood his objection as such a motion since the court stated that the exhibits presented a jury question. No motion for a judgment of acquittal at this point appears in the transcript nor is there any indication of such a motion at this stage. The court apparently meant that the question of whether the particular number slips found in the hallway and rear bedroom belonged to appellant ultimately would become a jury question. In any event, the transcript contains no support for a finding that a motion for a judgment of acquittal was made at the close of the Government's case.

3. Appellant did not object to the admission of exhibits found in the front bedroom. He confined his objection to the exhibits found elsewhere in the house.