Donald **DAUGHERTY**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 5267.

District of Columbia Court of Appeals.

Argued Nov. 10, 1970.

Decided Jan. 22, 1971.

Sol Rosen, Washington, D. C., appointed by this court, for appellant.

Barry W. Levine, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Philip L. Cohan, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and REILLY, Associate Judges.

KELLY, Associate Judge:

At about 2:30 on the afternoon of January 13, 1970, Officer George E. Winkey, while cruising with his partner in the Mount Pleasant area of the city, saw appellant walking in the 1600 block of Lamont Street, N.W. carrying a 21″ portable television set. He called appellant over to the car and asked him where he got the television. Appellant replied that a friend named Patterson had asked him to take the set to his (Patterson's) girl friend's house and sell it to her for $20.00. We will assume, on equivocal testimony, that at some point during this encounter with appellant Officer Winkey recorded both the serial and model numbers from the television set.[1] He also took the set itself, instructing appellant to "tell [Patterson] to come to the Fourth District Headquarters for the TV if he could prove that it was his."

Later the same day there was a report of a burglary in which a television set bearing the same serial number as the one appellant had been carrying was reported stolen.[2] Several weeks later the officers

[1]. The officer did not testify directly that he saw and recorded these numbers prior to seizing the set. He read the numbers into evidence from the precinct property return, a form which was obviously filled out after the set was in the officer's possession.

[2]. The affidavit in support of the application for an arrest warrant stated that the

obtained and executed a warrant for appellant's arrest. After trial by the court, appellant was convicted of the charge of receiving stolen property.[3] Although the television set itself was not introduced at the trial, the seller's written warranty containing the serial number of the set was introduced through the testimony of the complaining witness.

The motivating factor behind the police action taken here was Officer Winkey's suspicion of appellant, whom he had "known for a year", based solely on appellant's walking down a street carrying a portable television in an area where there had been prior burglaries, and his inability to explain to the officer's satisfaction how he came to be in possession of the set. The Government attempts to justify the action by urging that there was probable cause to seize the set; *i.e.*, that the officers "properly seized the set for safekeeping." Its position seems to be that at the time of the confrontation there was probable cause for appellant's arrest and consequently the seizure of the television set was constitutionally valid. We disagree.

The police officers had no warrant of arrest. There was no violation of law committed in their presence. They had received no report of a crime,[4] nor did they have information of any kind that a crime had been committed. And in our opinion, the fact that appellant was seen carrying a portable television down a street in a neighborhood where burglaries were regular occurrences, even when his explanation for possession of the set heightened suspicions already aroused, does not amount to

probable cause to believe that a crime has been committed.[5]

The Government's alternative arguments are without substance. Accordingly, appellant's conviction is

Reversed.

---

report was received on January 23, 1970, but this appears to be the date that the officers learned of it.

3. D.C.Code 1967, § 22–2205.

4. *Cf.* Clemm v. United States, D.C.App., 260 A.2d 687 (1970).

5. *See* Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); White v. United States, 106 U.S.App.D.C. 246, 271 F.2d 829 (1959). *But cf.* Hiet v. United States, 125 U.S.App.D.C. 338, 372 F.2d 911 (1967).