Gary Eugene JONES, Appellant,

v.

UNITED STATES, Appellee.

No. 5912.

District of Columbia Court of Appeals.

Argued Nov. 10, 1971.

Decided Feb. 1, 1972.

---

11. United States v. Moss, 141 U.S.App.D.C. 306, 308, 438 F.2d 147, 149 (1970).

Allen M. Hutter, Washington, D. C., appointed by this court, for appellant.

Leonard W. Belter, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., at the time the brief was filed, John .A. Terry and James W. Diehm, Asst. U. S. Attys., were on the brief, for appellee.

Before KERN, REILLY and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Appellant was charged by information with petit larceny [1] and destroying private property.[2] The case is here on appeal following the denial of appellant's motion to suppress and a nonjury trial in which appellant Gary Jones and codefendant Tyrone Glenn were found guilty on both counts as charged. The sole issue before us is whether at the time of the initial seizure of the fruits of the crime there was probable cause.

On the afternoon of April 14, 1971, Officers Harvey and Leak were transporting a juvenile in their unmarked police car when Officer Leak saw appellant and Glenn walking west on Florida Avenue toward 13th Street, N.W. Based on Officer Leak's prior knowledge of appellant,[3] the officers decided to stop and talk to him and his companion. Consequently, they made a U-turn and approached the two men. At this point, the officers noticed that appellant was carrying a torn shopping bag through which they could see a badly dented mounting bracket attached to a tape deck.[4] Officer Harvey also observed that Glenn was carrying a bent screwdriver in his back pocket.

Officer Harvey testified that Glenn fitted the description of a culprit given to him and Officer Simms about two hours earlier by a man who said he had witnessed the break in and theft of a tape deck and tapes from a car parked at 13th & W Streets, N.W.[5] However, the offi-

---

1. D.C.Code 1967, § 22–2202.

2. *Id.*, § 22–403.

3. Officer Harvey testified at the hearing on the motion to suppress that his partner knew appellant through "the Petit Larceny Department agents" and from "a couple of other run-ins."

4. According to Officer Harvey, appellant told him that the brackets were bent because "someone had stolen it from his

wife's car" and that "a friend of his had received the property from the person who stole it and returned it to him."

5. Officer Harvey had responded to the break in at 13th & W Streets and received a full report from Officer Simms who was investigating the crime. However, the break in turned out to be unrelated to the tape deck seized from appellant.

cers were undecided as to what to do with appellant and Glenn, although Officer Harvey testified they were not free to leave without providing more information such as names and addresses.[6] The officer then called for Officer Simms to come pick up the juvenile they had been transporting. When Officer Simms arrived, appellant and Glenn were seated in the rear of the police car. Officer Simms testified that he asked Glenn to step out of the car because his clothes matched the description of the suspect from the earlier break in.

Officer Simms then left with the juvenile and Officers Harvey and Leak took appellant and Glenn to the precinct where appellant spoke to the sergeant at the desk. In the meantime Officer Harvey discovered that there was no report on file with respect to any theft of the tape deck in question. Appellant and Glenn were allowed to leave the precinct although Officer Harvey retained the tape deck. About one-half hour later appellant and Glenn returned to the station with what was purported to be a bill of sale for the seized property.[7] At the sergeant's direction Officer Harvey released it to appellant. Several minutes after appellant and Glenn had left the precinct a man came in and reported the theft of his tape deck and tapes describing "perfectly" the tape deck and tapes which appellant had been carrying. Within a short period of time, appellant and Glenn were arrested by Officer Harvey and the tapes and player seized.

Appellant contends that he was arrested because of his past reputation and on the mere suspicion that he had committed a crime. Appellant further submits that such conduct is clearly proscribed by our decisions in Daugherty v. United States, D.C.

App., 272 A.2d 675 (1971) and Campbell v. United States, D.C.App., 273 A.2d 252 (1971) in which cases the court specifically found an absence of probable cause to arrest thus rendering the seizures invalid.

■ In the *Campbell* and *Daugherty* cases, *supra*, we noted that at the time the suspects were detained for questioning and the property carried by them seized, the police officers had received no reports which would cause them to believe that the items in question were stolen. Neither did they have any prior knowledge of the suspect. This was not the situation here. The police officers who first observed appellant and his friend had already been apprised of the theft of a tape deck from an automobile parked nearby. Upon stopping to talk to the men, they noticed, through a tear in the bag appellant was carrying, a bent mounting bracket attached to a tape deck.[8] The officers' conversation with appellant revealed that the tape deck had been stolen, although he claimed it was stolen from his wife's car.[9]

■ Officer Harvey and Officer Simms (who had been summoned to the scene), both testified that appellant's companion Glenn matched the description of the culprit from the earlier break in. Officer Harvey also testified that Glenn was carrying a bent screwdriver in his back pocket. Such an implement is often used for breaking into cars.

The trial court said it accepted the testimony of the officers which we have detailed above. Acknowledging, as we do, that they possessed such information at the time of the seizure, we hold that the trial court properly ruled that the officers had probable cause[10] to believe that an offense

---

6. At another point in his testimony, Officer Harvey stated that appellant and Glenn were free to go but could not take the tape player with them.

7. The purported bill of sale was from "Maxie Waxie" in the amount of $22.00 with "some numbers on it."

8. Judicial notice may be taken that such items are often stolen from parked cars.

9. *See* note 4 *supra*.

10. Jenkins v. United States, D.C.App., 284 A.2d 460 (decided December 13, 1971); Brooks v. United States, D.C.Mun.App., 159 A.2d 876, 878 (1960).

had been committed and that the tape deck, which appellant was carrying, was the fruit of that offense.

Accordingly, since the officers had probable cause to arrest appellant and Glenn, their seizure of the tape deck and tapes was not improper and the court properly overruled the motion to suppress.

Affirmed.