## FISHER v. UNITED STATES.

### No. 11498.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 11, 1953.

Decided April 30, 1953.

Petition for Rehearing in Banc Denied July 30, 1953.

Mr. Myron G. Ehrlich, Washington, D. C., with whom Mr. Joseph Sitnick, Washington, D. C., was on the brief, for appellant.

Mr. William J. Peck, Asst. U. S. Atty., Washington, D. C., with whom Mr. Charles M. Irelan, U. S. Atty. at the time of argument, Washington, D. C., and Messrs. John D. Lane and William R. Glendon, Asst. U. S. Attys, Washington, D. C., were on the brief, for appellee. Mr. Joseph M. Howard, Asst. U. S. Atty. at the time the record was filed, Washington, D. C., also entered his appearance for appellee.

Before CLARK, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant was indicted, tried and convicted on two counts of an indictment, the first charging the operation of a lottery and the second charging the possession of slips used in a lottery.[1] The principal point on appeal is an alleged error by the trial court in refusing to suppress and in admitting in evidence pieces of paper and books seized when the police officers made the arrest.

The officers testified that they went to a given address upon reliable information that the premises were being used in the operation of a numbers lottery. Through a public entrance they entered a valet and shoeshine shop. At the rear of the shop was a door, which the officers testified was open. Through this door the officers could

---

1. 31 Stat. 1330 (1901), as amended, D.C.Code § 22–1501 (1951); 52 Stat. 198 (1938), D.C.Code § 22–1502 (1951).

see a number of people, some seated at a table, and as they approached the door they could distinguish piles of money and slips and books which appeared to the officers to be numbers paraphernalia. They entered the room through the open door, arrested the persons apparently in charge, and seized the slips and books. These papers were identified as being material customarily used in the operations of a numbers lottery. The officers had neither a search warrant nor an arrest warrant. The contention of appellant is that the seizure of the papers was an illegal search and seizure, being made without a warrant.

This case falls within established and familiar general principles, which need not be elaborated.[2] The entry into the public valet and shoeshine shop was legal. The room in which the lottery was being conducted was not a closed room. No closed door or window was opened. No entrance was forced or compelled. The door was open; the operation was in plain sight. No privacy was invaded. Standing in a place open to the public the officers saw a felony being committed. The activities and paraphernalia observed by them from that point were familiar indicia of a numbers operation. They thus had not only probable cause but a basic duty to make an arrest. They walked through the open door, arrested those committing the felony, and seized the implements with which the crime was being committed. The several incidents occurred almost simultaneously, the whole affair taking only a few minutes. The arrest and the seizure were legal.

We do not consider the contention that it was error to receive in evidence the seized articles without adequate proof of their being connected with a lottery, because the point was not raised below.

Affirmed.

2. United States v. Rabinowitz, 1950, 339 U.S. 56, 64, 70 S.Ct. 430, 94 L.Ed. 653; McDonald v. United States, 1948, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153; Harris v. United States, 1947, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; Cradle v. United States, 1949, 85 U.S. App.D.C. 315, 178 F.2d 962, certiorari denied, 1950, 339 U.S. 929, 70 S.Ct. 624, 94 L.Ed. 1350; Matthews v. Correa, 2 Cir., 1943, 135 F.2d 534; Paper v. United States, 4 Cir., 1931, 53 F.2d 184; Kershaw v. State, Md., 1952, 85 A.2d 783; Heyward v. State, 1932, 161 Md. 685, 158 A. 897.