**Kenneth I. LEE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12312.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 16, 1954.

Decided Dec. 2, 1954.

Mrs. Jean F. Dwyer, Washington, D. C., for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis A. Carroll and Edward O. Fennell, Asst. U. S. Attys., Washington D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, PRETTYMAN and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant was convicted of grand larceny, D.C.Code § 22-2201 (1951), and appeals assigning as error the District Court's denial of his motion to suppress certain evidence said to have been illegally seized. The facts may be stated thus:

On March 22, 1954, District of Columbia police were investigating a murder. Jewelry had been stolen from the premises where the murder occurred. About 8 P.M. on that day, police at No. 13 Precinct received a telephone call that a man was attempting to sell jewelry on U Street. To probe the possibility that the jewelry being offered for sale had been taken from the scene of the murder and that the possessor might have some connection with the murder, the informant was asked by the police to tell the man that informant had a buyer for the jewelry and to arrange for a time and place where a police officer as the prospective buyer might meet the seller. At the appointed time and place, a police lieutenant with another officer, approached a parked automobile where the defendant and a woman were seated in the rear seat. The latter were informed that the two officers were policemen and were asked to step out of the car. As they did so, the defendant dropped a napkin into the street between the car and the curb. The police "patted them down," a precautionary practice identified in argument as "frisking," but no weapons were found on the persons of the defendant and his companion. But in the napkin which defendant had dropped into the street were eleven rings and a cuff-link, valued in total at some $470.00.

The accused and the woman were then taken to No. 13 Precinct where, during questioning, the defendant stated that there had been twelve rings, that he had had one on his finger but he had removed it and dropped it to the ground at the scene of the arrest. Police went back, searched further, and found the ring in a tree space where the defendant after removing it from his finger, had dropped it near the place where the car had been parked.

■■ The officers had no warrant. However they clearly had a right, indeed it was their duty investigating a murder and with the information upon which they acted, to approach, confront and interrogate the accused. Ellison v. United States, 1953, 93 U.S.App.D.C. 1, 206 F.2d 476; Fisher v. United States, 1953, 92 U.S.App.D.C. 247, 205 F.2d 702, certiorari denied, 1953, 346 U.S. 872, 74 S.Ct. 122. The conduct of the officers under the circumstances was reasonable. The accused at a time and place set by prearrangement was planning a possible sale of jewelry from a car at night on a Washington street. Jewelry only recently had been taken from the scene of the murder under investigation. When asked to get out of the car, the accused was seen to drop into the street, between the car and the curb, a napkin which contained the jewelry later used as evidence. There was here no seizure in the sense of the law when the officers examined the contents of the napkin after it had been dropped to the street. Hester v. United States, 1924, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898.

The evidence was competent and was properly received against the accused upon a showing that it had been stolen from a jewelry salesman's car. The accused had a fair trial, and there was no error.

Affirmed.