John A. BELL, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 15651.

United States Court of Appeals District of Columbia Circuit.

Argued June 29, 1960.

Decided July 14, 1960.

Mr. James H. Myrick, Washington, D. C., with whom Mrs. Dovey J. Roundtree and Mr. Julius W. Robertson, Washington, D. C., were on the brief, for appellant.

Mr. John Jude O'Donnell, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher, and Nathan J. Paulson, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

The questions presented by this appeal are first, whether certain evidence admitted by the District Court should have been suppressed as the fruit of an illegal arrest without warrant; and, second, whether the identification of appellant by the victim of the housebreaking was so untrustworthy that the court should have directed a verdict of acquittal. Appellant was found guilty of five counts of housebreaking, larceny and assault on a police officer.

The complaining witness testified that she awoke about 4:30 in the morning and saw a man in her room who seized her, choked her and threatened to kill her if she screamed. She struggled away from the assailant and he fled when she screamed for help. She continued her cries after he left.

An unmarked police robbery squad car happened to be stopped nearby and the officers heard her cries. At the same moment appellant was seen by the officers to run out of an alley near the point where the screams originated. Upon seeing the officers, appellant suddenly slowed to a walk. One of the officers testified that he stopped appellant, showed him his badge and identified himself as a police officer. Appellant told the officer he was on his way home from a party but it was noted that the direction he was taking was not toward the place appellant said he lived. The officer took appellant with him toward the car with the intention of holding him until they checked on the distress call. As they reached the patrol car, the officer testified, appellant struck him with his elbow, swinging a "gleaming object," and then fled. The officer pursued him, calling on him to halt and then shot and wounded appellant.

The victim testified that she had a good look at appellant because the room was illuminated by street lights. She said he had what looked like a knife. She identified appellant's photograph from police files and identified a striped shirt worn by him. She said he took three $1 bills from her house.

Appellant testified in his own behalf and denied being in the complainant's house, saying he was returning home when stopped by men in plain clothes who did not identify themselves as police. He said he ran in fear of them. He admitted having a screw driver which he said he had carried since early evening when he had used it for home repairs. He also admitted having three $1 bills on his person when arrested. Impeachment evidence showed he had a criminal record of four convictions for housebreaking, simple assault, assault with a dangerous weapon, housebreaking and larceny.

■ The question of identification of appellant by the complaining witness was properly submitted to the jury under instructions which are not challenged. The attack on this aspect of the case is so completely lacking in merit as to be legally frivolous.

■ Appellant's attack on the validity of the arrest is similarly frivolous. When the officers heard screams for help at 4:30 a. m. and at once saw appellant running near the point from which the cries came, minimum prudence and diligence dictated that the person in seeming flight be stopped and interrogated. When his statement that he was on his way home from a party was found not to coincide with the direction of his travel, further investigation was called for to determine whether appellant's seeming flight was connected with the cries for help. At this juncture there was abun-

dant probable cause for arrest. Indeed, it would have been an astonishing lack of sound judgment for the police to act otherwise. The action of the police was no more than to "approach, confront and interrogate" appellant. Lee v. United States, 1954, 95 U.S.App.D.C. 156, 157, 221 F.2d 29, 30; Ellis v. United States, 105 U.S.App.D.C. 86, 264 F.2d 372, certiorari denied, 1959, 359 U.S. 998, 79 S.Ct. 1129, 3 L.Ed.2d 986; Bell v. United States, 102 U.S.App.D.C. 383, 254 F.2d 82, certiorari denied, 1958, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113.

The appeal presents no issue which is not plainly frivolous and will therefore be dismissed as such.

Appeal dismissed as frivolous.