**William E. McFARLAND, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 2591.**

Municipal Court of Appeals for the District of Columbia.

Argued July 18, 1960.

Decided Sept. 13, 1960.

John Henry Fallon, for appellant.

John Jude O'Donnell, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant and another man were charged with an unlawful attempt to enter a private building.[1] Although both men were tried together and found guilty by a jury, only appellant takes an appeal on the grounds that (1) the court should not have admitted into evidence a hammer found at the scene of the alleged crime and (2) the court should have granted his motion for a judgment of acquittal.

1. Code 1951, § 22-3102, Supp. VIII.

On November 1, 1959, at about 1:15 a. m., a police officer was making a routine inspection of the commercial buildings on his beat. After trying the front door of a tavern and finding it secure, the officer walked to the rear of the building to examine the back door Just then a man peered out from behind the rear of the tavern but suddenly pulled his head back, apparently because of the policeman's approach. Noting the man's odd behavior, the officer ran quickly to the back of the building and observed two men, one of whom was appellant, walking rapidly away. They were about fifteen feet from the rear of the tavern when the policeman ordered them to stop and told appellant, who was holding one hand behind his back, to spread his arms and turn around. When appellant did so the officer noticed that his legs were held tightly together as if holding something. He reached down but before he could determine what appellant was hiding, a hammer dropped to the ground from between appellant's legs. This hammer was admitted at the trial over appellant's objections.

Appellant and the other man were taken to the front of the building where they were searched by the officer. Both men denied tampering with the premises and appellant added that they had been merely waiting for two girls. Upon the arrival of additional police, the arresting officer returned to the rear of the tavern, examined the back door of the building and discovered what appeared to him to be fresh "jimmy" marks on both the door and the door jamb. The two men were then taken to a police station for further questioning.

Though other evidence was presented at trial and will be discussed below, it is necessary at this point to deal with appellant's principal claim of error which turns on the arrest just described. Appellant disputes the admissibility of the hammer; he argues that the police officer had no probable cause to place him under arrest when he saw him and his companion walking away from the tavern; and hence the hammer was the product of an illegal search and seizure and should have been suppressed by the trial judge.

 It is axiomatic that a police officer may not arrest on mere suspicion; he must have probable cause, a rather plastic concept which is difficult to define without relating it to the particular circumstances that give rise to the arrest. As the United States Supreme Court said in Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879: "The troublesome line * * * is one between mere suspicion and probable cause. That line necessarily must be drawn by an act of judgment formed in the light of the particular situation and with account taken of all the circumstances." Once it is determined, however, that an arrest has been made with probable cause, then a search and seizure made incident thereto is lawful and not within the constitutional prohibition of arbitrary searches and seizures.[2]

 In the District of Columbia a police officer may arrest if he has probable cause to believe that a felony has been committed by the person arrested. Stephens v. United States, 106 U.S.App.D.C. 249, 271 F.2d 832. When the policeman has probable cause to believe that a felony has been committed, it is not necessary that the arrest uncover the actual commission of a felony. All that is required is that his belief be based on reasonable grounds. "When a peace officer makes the arrest the standard means a reasonable, cautious and prudent peace officer. The question is what constituted probable cause in the eyes of a reasonable, cautious and prudent peace officer under the circumstances of the moment."[3]

---

2. Shettel v. United States, 72 App.D.C. 250, 113 F.2d 34.

3. Bell v. United States, 102 U.S.App.D.C. 383, 387, 254 F.2d 82, 86, certiorari denied, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.

■ The circumstances of this case clearly supplied the officer with probable cause to believe that appellant and his companion were engaged in a felonious act. The commercial nature of the neighborhood; the time of night, actually over an hour past the tavern's closing time; the suspicious act of appellant's co-defendant in quickly withdrawing his head upon the approach of the police officer; and the rapid departure of the two men from the rear of the tavern all combined to give a "reasonable, cautious and prudent peace officer" probable cause to make an arrest. In fact, had the officer acted otherwise under these circumstances he would have been almost derelict in his duty. Bell v. United States, D.C.Cir., 280 F.2d 717. When the officer noticed appellant apparently holding something behind his back, he had a right, if only for his own protection, to make him spread his arms and turn around. And the hammer which dropped from between appellant's legs was clearly admissible at the trial. Lee v. United States, 95 U.S.App.D.C. 156, 221 F. 2d 29.

■■ The second error claimed by appellant is the trial court's denial of his motion for judgment of acquittal. But as was said in Thomas v. United States, 93 U.S. App.D.C. 392, 211 F.2d 45, 46, certiorari denied, 347 U.S. 969, 74 S.Ct. 780, 98 L.Ed. 1110, "Upon a motion for judgment of acquittal, the trial judge must assume the truth of the Government's evidence and give the Government the benefit of all legitimate inferences to be drawn therefrom." And the array, of evidence offered by the Government in this case clearly presented a question for the jury's consideration.

In addition to the facts of the arrest set out above by the arresting officer, he also testified that when appellant and his co-defendant were taken to the precinct for further questioning they gave contradictory statements about their actions that night. For example, they told different stories as to how, when and with whom they arrived at the tavern before closing time; appellant also said he had had the hammer with him all day, but his companion stated that he had not seen it until it fell from between appellant's legs; and they were vague as to the girls they were planning to meet behind the tavern before they were arrested. Though appellant did not take the witness stand at trial, his codefendant amplified his precinct statement by testifying that they had given up on the girls and were walking toward a phone on a nearby Safeway parking lot to call a friend when they were arrested. However, he could not remember the name of the friend, and the arresting officer had testified that when he saw the accused they were walk-away from the phone in the Safeway lot, not toward it.

Moreover, the owner of the tavern testified that only one week before the incident he had painted the back door of the premises. Earlier in the day he had observed the door a number of times and had seen no "jimmy" marks, but he could not positively state when the "jimmy" marks had been made. He also added that he had not given either of the defendants permission to enter the premises after closing hours.

All of this evidence presented a jury question and the trial court properly refused to withdraw it from their consideration. Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, certiorari denied 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850. On the evidence we cannot say that the jury had to have a reasonable doubt as to appellant's guilt.

Affirmed.

2d 113. See also Ellis v. United States, 105 U.S.App.D.C. 86, 264 F.2d 372, certiorari denied, 359 U.S. 998, 79 S.Ct. 1129, 3 L.Ed.2d 986; Lee v. United States, 95 U.S.App.D.C. 156, 221 F.2d

29; Ellison v. United States, 93 U.S. App.D.C. 1, 206 F.2d 476; Mills v. United States, 90 U.S.App.D.C. 365, 196 F.2d 600, certiorari denied, 344 U.S. 826, 73 S.Ct. 27, 97 L.Ed. 643.