**UNITED STATES of America ex rel. William J. STACEY, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Illinois State Penitentiary, Respondent-Appellee.**

**No. 14203.**

United States Court of Appeals Seventh Circuit.

Nov. 21, 1963.

James J. Doherty, Asst. Public Defender, Chicago, Ill., for appellant.

William G. Clark, Atty. Gen., William C. Wines, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee; Raymond S. Sarnow, Asst. Atty. Gen., of counsel.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Petitioner was convicted of murder in the state court and sentenced to imprisonment. After exhausting state remedies, he petitioned the district court to issue a writ of habeas corpus. The court dismissed the petition and this appeal followed.

Since the facts are stated in People v. Stacey, 25 Ill.2d 258, 184 N.E.2d 866 (1962), we shall only summarize them.

Mrs. Darlyne Todd was found stabbed to death in her apartment in Chicago on November 22, 1957. The police found in the apartment a card from a photographic studio saying that her photographer would be there at 10:30 that morning. Investigation revealed that petitioner was the photographer. He was arrested without a warrant the same evening around 9:00 p. m. at his home and taken to the police station.

A police officer, Spiotto, questioned Stacey about 1:00 a. m. the following morning. He accused Stacey of the crime, which he denied. Stacey was made to remove his shirt to be examined for any abrasions. The officer noticed a spot on his T-shirt which appeared to

be blood. Stacey could not explain the presence of the blood. Spiotto asked Stacey how long he had had the shirt on. He stated all day. Spiotto told petitioner that he probably received the blood when he murdered Mrs. Todd. He again denied it. Finally, the officer told Stacey he was going to send someone over to his house and prove he was lying. Stacey replied, "Go ahead." Two officers then went to petitioner's house. They questioned petitioner's wife regarding the color of the shirt he had worn the previous day. She said he had changed shirts during the day. One of the officers asked her to produce the shirt. She asked the officer whether her husband had told him to come and get it. The officer said yes. She then gave them a blood-stained pink shirt.

Petitioner's wife testified that her father suggested that she not wash the shirt since "the police might want it for evidence." The officers had no search warrant.

Shortly after petitioner was confronted with the shirt, which was saturated with blood, he confessed to the murder.

■ In filing the petition for writ of habeas corpus, petitioner waived hearing and elected to stand on the state court record. He now suggests that the district court erred by deferring to the state court's conclusions of law. We agree with petitioner that state court adjudications of questions of law cannot under the habeas corpus statute be accepted as binding. "It is the district judge's duty to apply the applicable federal law to the state court fact findings independently. The state conclusions of law may not be given binding weight on habeas." Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1963).

The district judge had before him the record of the state court, the briefs filed by petitioner and respondent and arguments based thereon. The judge stated in his order that he considered both the documents and the arguments presented by counsel in reaching his decision. Moreover, he was advised by petitioner of the duty to make independent conclusions.

■ Under these circumstances, we think the case is properly before us procedurally and the only question is whether the district court erred in denying relief to petitioner. We find no merit in petitioner's contention that when constitutional standards are applied to the facts he is entitled to the relief sought.

Petitioner contends that his confession should have been excluded since it was obtained by confrontation with illegally obtained physical evidence because (1) a wife may not waive her husband's constitutional right against unreasonable search of their home and (2) petitioner did not consent to a search of his house by his remark, "Go ahead," which was made after several hours of interrogation by the police.

■ Upon a review of all the evidence, we think petitioner's contention that the blood-stained shirt was obtained by an unlawful search of his house has no merit. Police officers went to the premises where incriminating evidence was found and were voluntarily given the shirt. Their action did not constitute a search. It is of no consequence that the person who gave the police the blood-stained shirt was petitioner's wife.

As was said in Haerr v. United States, 240 F.2d 533, 535 (5th Cir. 1957), "A search implies an examination of one's premises or person with a view to the discovery of contraband or evidence of guilt to be used in prosecution of a criminal action. The term implies exploratory investigation or quest." Petitioner's privacy was not invaded; there was no inspection or examination of his household. Under these circumstances, we hold there was no search either in an actual or legal sense. Cf. Lee v. United States, 95 U.S.App.D.C. 156, 221 F.2d 29 (1954); Ellison v. United States, 93 U.S. App.D.C. 1, 206 F.2d 476 (1953).

Since we find that no search was involved, we do not reach the questions whether petitioner "voluntarily" agreed

to a search of his home or whether his wife had authority to give such consent.

The district court's dismissal of the application for a writ of habeas corpus is affirmed.