**Thomas A. GREEN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4238.**

District of Columbia Court of Appeals.

Submitted Sept. 25, 1967.

Decided Oct. 18, 1967.

---

1. Saunders v. United States, 89 U.S.App.D.C. 291, 192 F.2d 409 (1951).

James T. Wright, Washington, D. C., appointed by this court, for appellant.

David G. Bress, U. S. Atty., Frank Q. Nebeker, Franklin S. Bonem and Carl S. Rauh, Asst. U. S. Attys., for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge.

This appeal questions the sufficiency of the evidence to sustain a conviction of petit larceny, D.C.Code 1961, § 22–2202, and the admission of certain statements made by appellant to the police prior to his arrest.[1] We find no error.

Officer Franklin W. Stevens testified that around 6:40 p.m. on August 1, 1966, while patrolling in the vicinity of 12th Street and Adams Drive, he observed two young men standing by a 1960 Dodge automobile with Iowa license plates, "looking in all directions". He saw appellant enter the automobile, remove some property, and hand it to his companion, a juvenile. Appellant went into the car a second time and took something more. As the two walked away in the direction of Constitution Avenue, Officer Stevens approached and asked them if the property and the car were theirs. Appellant replied that both the car and the property belonged to his uncle who was visiting the Museum of History and Technology. When asked the license number of the car, he stated that it had Ohio tags. After an unsuccessful search of the museum for the uncle, the officer arrested appellant and took several cameras from him.

Counsel stipulated that ownership of the car and the cameras was vested in someone other than appellant, and that the owner had not given appellant permission to enter the automobile or to remove any property from it.[2]

1. A conviction of tampering is not appealed. D.C. Police Regs. 1965, Art. 25, § 15.

2. The property itself had been returned to the owner and was not introduced in evidence.

Appellant and Frank James testified that it was James, the juvenile, who took the property from the car without appellant's knowledge. A few minutes later, they said, James met appellant coming across the grass and asked appellant to hold several cameras while he lit a cigarette. At that moment the police officer approached and, in response to his inquiries, was told that it was James' uncle, not appellant's, who owned the car and the property.

The question of appellant's guilt or innocence turned solely on the credibility of the witnesses, an issue to be determined by the trier of fact and not subject to review. O'Bryant v. District of Columbia, D.C.App., 223 A.2d 799 (1966); Pollen v. United States, D.C.App., 207 A.2d 114 (1965). The trial court found the officer's testimony the more credible and we agree that on the record this evidence was sufficient to support a conviction of petit larceny.

Appellant was stopped and asked if the car was his, if the property belonged to him, and the license number of the car. According to Officer Stevens, who testified without objection, appellant answered that his uncle owned both the car and the property and that the car had Ohio license plates. It is now claimed that the admission of these statements was error because appellant had not been advised of his right to remain silent under Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Aside from the fact that this testimony was not objected to at trial, we need only point out that an arrest does not necessarily take place when a citizen is stopped and questioned in the course of a routine police investigation. Brown v. United States, 125 U.S.App.D.C. 43, 365 F.2d 976 (1966); Perry v. United States, D.C.App., 230 A.2d 721 (1967); White v. United States, D.C.App., 222 A.2d 843 (1966). Appellant and his companion were detained only because the officer felt that their conduct required investigation. Appellant was questioned briefly, and his answers were uncoerced and voluntary. We do not believe this constitutes custodial interrogation within the meaning of Miranda v. State of Arizona, supra, and hold the statements were properly admitted.

Affirmed.