Benjamin WRIGHT, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 4587.

District of Columbia Court of Appeals.

Argued May 13, 1968.

Decided June 10, 1968.

Lawrence J. Winter, Washington, D. C., appointed by this court, for appellant.

Roger E. Zuckerman, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge.

Appellant was charged by information with larceny from interstate shipment in violation of 18 U.S.C. § 659. After a trial

before a judge sitting without a jury, appellant was found guilty and sentenced to imprisonment for 360 days. This appeal is from that conviction. Appellant's sole contention is that his motion to suppress should have been granted because of lack of probable cause at the time of the arrest.

On September 21, 1967, the arresting officers were proceeding in their patrol car west on L Street, Northwest, and observed appellant, dressed in soiled khaki trousers, shirt, and jacket, and carrying a new-looking "two-suiter" suitcase. When he saw the patrol car, appellant turned sharply into an alley and proceeded down the alley, carrying the suitcase. As the officers entered the alley, appellant set the suitcase down and started away from it, then turned and picked it up again as the patrol car pulled alongside him. The officers asked appellant if the suitcase were his, and he responded that it was. They inquired as to the contents, and he answered that the suitcase contained clothes, but, when asked, he did not say what kind of clothes it contained. One of the police officers got out of the car and repeated the questions, with the same response from appellant. In response to further questions by the officer, appellant stated that the suitcase was locked, but that he had no key. Finally, he stated, "If you are going to bust me, get it over with." At this point, after telling appellant to sit in the rear of the patrol car, the officer opened the suitcase and determined from the contents that it apparently belonged to someone other than appellant. It was later found that this suitcase had been removed, shortly before the events described above, from an airline terminal located nearby, and belonged to a passenger departing from Washington that day.

 Mere stopping and questioning a person in the course of a routine police investigation does not constitute an arrest.[1] The arrest here occurred at the time appellant was taken into custody, i. e., when he was told to sit in the police car. It is at this point that probable cause was required.

"It is axiomatic that a police officer may not arrest on mere suspicion; he must have probable cause, a rather plastic concept which is difficult to define without relating it to the particular circumstances that gave rise to the arrest. * * * In the District of Columbia a police officer may arrest if he has probable cause to believe a felony has been committed by the person arrested. * * All that is required is that his belief be based on reasonable grounds." (Citations omitted.) McFarland v. United States, D.C.Mun.App., 163 A.2d 627, 629 (1960).[2]

The standard to be applied is "that of 'a reasonable, cautious and prudent police officer' and must be judged in the light of his experience and training."[3] The bases for a finding of probable cause must be those "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."[4]

 Looking, therefore, at the circumstances surrounding this appellant's arrest, it is clear that probable cause could have been found by a reasonably prudent police officer. Appellant's apparent evasive actions to avoid a confrontation with the police officers, his temporary abandonment

1. Green v. United States, D.C.App., 234 A.2d 177, 179 (1967).

2. And see Brinegar v. United States, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1954). Arrest on probable cause for certain misdemeanors is permitted under D.C.Code 1967, § 23–306 (c).

3. Bailey v. United States, 128 U.S.App. D.C. 354, 389 F.2d 305, 309 (1967), citing Bell v. United States, 102 U.S.App. D.C. 383, 387, 254 F.2d 82, 86, cert. denied, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113 (1958).

4. Brinegar v. United States, supra note 2, 338 U.S. at 175, 69 S.Ct. at 1310.

of the suitcase, his inability to answer the inquiries of the police officers concerning the contents of the suitcase, his statement to the arresting offcers, "If you are going to bust me, get it over with," and his close proximity to the bus and airline terminals —taken together, all of these circumstances clearly could have given the arresting officers probable cause to believe that appellant had committed a larceny.

Therefore, the motion to suppress was properly denied.

Affirmed.