**Frank C. CLEMM, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4986.**

District of Columbia Court of Appeals.

Argued Oct. 14, 1969.

Decided Jan. 15, 1970.

Fred Grabowsky, Washington, D. C. appointed by this court, for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and James E. Sharp, Asst. U. S. Attys., appeared on the brief, for appellee.

Before KELLY, KERN and GALLA-GHER, Associate Judges.

KELLY, Associate Judge.

The evidence relevant to the only issue presented on this appeal is that at approximately 10:30 A.M. on November 25, 1968, the arresting officer, within two minutes of the receipt of a radio report of a "breaking-in" at a given address, observed appellant walking in a direction away from

that address carrying a portable television set. Although the radio report gave no circumstances of the offense and no description of the offender, when seen, appellant was around the corner and less than fifty yards from the address of the break-in. The officer, a policeman for approximately fifteen years, recognized appellant as a neighborhood resident who had previously been arrested for housebreaking. He took appellant into custody and immediately transported him to the radio report address, where appellant was identified by the housewife whose complaint initiated the radio report.[1] The question is whether there was probable cause to arrest appellant without a warrant.

■■■ Police officers may make a warrantless arrest when there is probable cause to believe that a felony has been committed and that the person to be arrested committed it.[2] Warrantless arrests, and searches and seizures pursuant thereto, may also be made for petit larceny, a misdemeanor, "upon probable cause that the person arrested has in his possession at the time of the arrest, property taken in violation of [D.C.Code 1967, § 22–2202]."[3]

■■■ Appellant concedes that the arresting officer had probable cause to believe that a crime had been committed.

On the premise that the arrest occurred when appellant was stopped, searched, and placed in the patrol car,[4] we hold that the fact that within two minutes after a crime was reported, appellant was observed at a point within fifty yards of and proceeding away from the scene, carrying the not too uncommon fruit of a housebreaking,[5] together with the officer's knowledge of appellant's previous arrest for housebreaking,[6] sufficient to establish the requisite probable cause. "[P]robable cause is not to be evaluated from a remote vantage point of a library, but rather from the viewpoint of a prudent and cautious police officer on the scene at the time of arrest. The question to be answered is whether such an officer in the particular circumstances, conditioned by his observations and information, and guided by the whole of his police experience, reasonably could have believed that a crime had been committed by the person to be arrested." Jackson v. United States, 112 U.S.App.D.C. 260, 262, 302 F.2d 194, 196 (1962). The arrest being proper, the television set, the on-scene identification of appellant, and a subsequent oral admission, all objected to on the sole ground of an illegal arrest, were properly before the trial court.

Affirmed.

1. Appellant's only challenge to this identification is on the ground that it resulted from an illegal arrest. See Russell v. United States, 133 U.S.App.D.C. 77, 408 F.2d 1280, cert. denied, 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245 (1969).

2. Singleton v. United States, D.C.App., 225 A.2d 315, 316 (1967).

3. D.C.Code 1967, § 23–306(c).

4. Wright v. United States, D.C.App., 242 A.2d 833, 834 (1968).

5. Because probable cause depends upon the situation as it appears to the arresting officer at the moment the decision to arrest is made, the post-arrest discovery that the television set was taken from the house next door to the radio report address should not affect our consideration. See Henry v. United States, 361 U.S. 98, 104, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); Bell v. United States, 102 U.S.App.D.C. 383, 388, 254 F.2d 82, 87, cert. denied, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113 (1958). Complainant called the police after she found appellant inside the basement of her house.

6. See Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Brooks v. United States, D.C.Mun.App., 159 A.2d 876 (1960).