**Maurice BROWN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5012.**

District of Columbia Court of Appeals.

Submitted Nov. 6, 1969.

Decided Feb. 6, 1970.

Richard S. Shine for appellant.

Thomas A. Flannery, U. S. Atty., with whom James E. Sharp, Robert Ackerman, and William S. Block, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and FICK-LING and KERN, Associate Judges.

KERN, Associate Judge:

This is an appeal from a conviction for receiving stolen property, D.C.Code 1967, § 22-2205.[1] We are called upon to determine

---

29. See § 17-306, supra.

1. Appellant was also charged with petit larceny, D.C.Code 1967, § 22-2202, and the possession of implements of crime,

i. e., narcotics paraphernalia, D.C.Code 1967, § 22-3601, but these charges were dropped prior to the conclusion of the trial.

whether the trial court correctly denied appellant's motion to suppress a shopping bag [2] which he had dropped on the street prior to his arrest and whether the trial court's instructions to the jury concerning the requisites of the crime charged were correct.

The arresting officers testified that shortly after midnight on December 17, 1968, they were in two cruisers with their headlights off, parked side by side on a lot approximately thirty feet from the sidewalk in the 1600 block of P Street, Northwest. They observed appellant walking toward 16th Street, carrying a large shopping bag. When appellant saw them, he began to walk faster. The officers' suspicions were aroused and they switched on their lights and pulled their scout cars off the lot onto P Street and followed appellant. Appellant then dropped the bag he was carrying and broke into a run to the corner of 16th Street, some 20 feet away. The officers retrieved the bag, stopped appellant, and asked him why he had dropped the bag.[3] Appellant told them that a friend whose name he did not know had given him ten dollars to carry the bag to P and 15th Streets. He was unable to say what was in the bag. At this point, the police leaned appellant against the police car and searched him.

Appellant testified that he did not drop the bag, and that it had been given to him by a stranger who offered ten dollars to carry it two blocks. He further testified that at the time he was stopped, the stranger was only ten yards away, that he so informed the three officers, but that they failed to pay any heed. It is apparent that the judge and jury accepted the police version of the incident.

Appellant contends that the officer's seizure of the shopping bag was unlawful because it *followed* an *illegal* arrest. Appellant argues that if the arrest is deemed to have taken place either when he was stopped on the corner of 16th Street or when he was subsequently ordered to lean against the police cruiser, probable cause did not exist for such arrest. However, appellant's argument is not responsive to the fact that the officers' recovery of the bag was not a "seizure" in the fourth amendment sense, but merely a retrieval of abandoned property. Lee v. United States, 95 U.S.App.D.C. 156, 157–158, 221 F.2d 29, 30–31 (1954). *See also*, Abel v. United States, 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Hester v. United States, 265 U.S. 57, 58, 44 S.Ct. 445, 68 L.Ed. 898 (1924); United States ex rel. Fein v. Deegan, 298 F.Supp. 359, 365 (S.D.N.Y.1967), aff'd on other grounds, 410 F.2d 13 (2d Cir.), cert. denied, 395 U.S. 936, 89 S.Ct. 1997, 23 L.Ed.2d 450 (1969). Moreover, it took place before any police activity that could be characterized as an illegal arrest or search. *Compare* United States v. Merritt, 293 F.2d 742 (3rd Cir. 1961); Work v. United States, 100 U.S.App.D.C. 237, 243 F.2d 660 (1957); Williams v. United States, 99 U.S.App.D.C. 161, 237 F.2d 789 (1956). Accordingly, we find no error in the trial court's refusal to exclude the shopping bag from evidence.

As for the asserted error in the instructions, we note that the trial judge twice mentioned the requirement that de-

2. The shopping bag full of articles of clothing and other personalty belonged to complainant and had been removed on the night in question from her parked and locked auto without her permission and knowledge. Coincidentally, the theft was reported to the same police precinct to which the arresting officer brought appellant shortly after such report and the identification of the bag seized from appellant as the stolen bag was made there.

3. The officers' actions constituted under the circumstances proper police investigation. *See* Wright v. United States, D.C.App., 242 A.2d 833, 834 (1968); Green v. United States, D.C.App., 234 A.2d 177, 179 (1967). *See also* Terry v. Ohio, 392 U.S. 1, 20–22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

fendant must have received the goods with intent to defraud. He also explained the meaning of "intent". Viewing the instructions as a whole, we find them free of prejudicial error. The judgment below is hereby

Affirmed.