**UNITED STATES, Appellant,**

v.

**Everett Lee HAYES, Appellee.**

**No. 5419.**

District of Columbia Court of Appeals.

Argued Nov. 24, 1970.

Decided Dec. 16, 1970.

Roger M. Adelman, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellant.

James H. Heller, Washington, D. C., with whom George A. Dalley, was on the brief, for appellee.

Before FICKLING, KERN and YEAGLEY, Associate Judges.

KERN, Associate Judge:

The Government appeals from an order entered by the trial court prior to trial suppressing as evidence four capsules allegedly containing heroin recovered by police officers from a trash pile in the corner of a fire-gutted room, formerly operated as a pool hall, located on 15th Street, Northeast.

At the hearing on appellee's motion to suppress, there was evidence that two police officers on duty in their cruiser during the day saw appellee and another man enter a vacant pool hall which was a known hangout for drug users and the interior of which had recently been destroyed by a fire. The officers followed the men into the boarded-up building and saw appellee with money in his hand and his companion, one Dade, throw something under a pool table. The officers asked for and received from the two men their identification and an explanation for their presence there. During the course of this exchange appellee, on three separate occasions, went to a trash pile in the corner of the room ex-

---

7. *Cf.* United States v. Jenkins, 436 F.2d 140 (D.C.Cir., decided August 12, 1970).

plaining that he was searching for the premise's license.

The officers permitted appellee to leave, obtained more light for themselves and undertook a search of the room. Four capsules allegedly containing narcotics were found under the pool table and an envelope containing four capsules was recovered from the trash pile in the corner through which appellee had been sifting. They arrested Dade and left word at appellee's office for him to come to their precinct. He did some minutes later and was arrested for a narcotics violation.

The trial judge ruled that appellee's arrest without a warrant was invalid and therefore the capsules seized earlier from the trash pile must be suppressed. Assuming *arguendo* that the arrest was invalid the capsules were not seized incident to such arrest. Thus, in our view, the evidence does not show that the officers conducted a seizure within the meaning and protection of appellee's fourth amendment rights. Rather, it is clear that the officers retrieved property which had been abandoned. Brown v. United States, D.C.App., 261 A.2d 834 (1970). Since the contraband was not seized from appellee's person or from an area of protected interest, we see no ground for these reasons to justify excluding the capsules.

Appellee argues that the trial court could properly exclude the capsules "because the Government has no persuasive evidence that they were ever actually in appellee's possession, nor were they discovered in circumstances which would establish constructive possession by excluding every other reasonable hypothesis." This argument is premature since there was no opportunity given to the Government to prove its case at a trial. Whether the Government's case-in-chief for unlawful possession of narcotics in violation of D.C.Code 1967, § 33–402, could survive a challenge to its sufficiency, *see, e. g.,* Hill v. District of Columbia, D.C.App., 264 A.2d 145 (1970), must await its presentation at trial. We are concerned at this point of the criminal process only with whether the capsules were unlawfully seized by the police and we hold that they were not.

Appellee also contends that the terms of the D.C.Code 1967, § 33–402, under which he is to be tried, bar the use of the capsules. Subsection (c) thereof provides,

> [n]o evidence discovered in the course of any such arrest, search, or seizure authorized by subsection (b) hereof, shall be admissible in any criminal proceeding against the person arrested unless at the time of such arrest he was violating the provisions of this section.

Appellee argues that since he did not have the capsules in his possession when he was arrested at the precinct, he was not violating the statute "at the time" of his arrest and they cannot be used against him. However, we read the limitation on use of evidence contained in the statute as applicable only when such evidence is seized in the course of the arrest and this was not the case here.

The order suppressing the evidence cannot stand and is

Reversed.