**UNITED STATES, Appellant,**

v.

**Eric R. SPEED, Appellee.**

**No. 12882.**

District of Columbia Court of Appeals.

Submitted May 25, 1978.

Decided July 10, 1978.

Earl J. Silbert, U. S. Atty., Washington, D. C., with whom John A. Terry and David S. Krakoff, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellant.

Peter G. Kuh, Washington, D. C., appointed by this court, for appellee.

Before NEBEKER, YEAGLEY and FERREN, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal by the United States from a trial court order granting a motion by Speed to suppress physical evidence. Upon determining that the seizure was not a violation of Speed's Fourth Amendment protections, we reverse and remand for further proceedings.

A vice detective received an evening telephone call from an informant, who stated that he had seen a man wearing a green print shirt and green jeans selling phenmetrazine [1] at a described location. The detective had no personal working experience with the informant, but was aware that the informant had provided two other vice detectives with reliable information on three or four occasions.

---

1. The informant used the term "bam" which is the street term for phenmetrazine, also known as Preludin.

The detective, along with two other detectives, proceeded to the location in an unmarked car and arrived within five minutes of the telephone call. They observed a man, later identified as appellee Eric Speed, fitting the informant's stated description. As the detectives alighted from their car, one of them saw Speed throw something under the cruiser. A search of the area under the auto resulted in the finding of a tablet which was immediately identified as phenmetrazine. Speed was then searched, but no additional drugs or significant amounts of money were found. Speed was charged with possession of phenmetrazine,[2] the tablet found under the police cruiser.

Following a hearing on the motion, the trial court granted Speed's motion to suppress the tablet. The transcript of the hearing reveals the trial court's chief concern regarding the seizure and arrest was the informant's lack of specificity regarding the informant's location and the number of sales observed. Prior to ruling on the motion, the trial judge stated, "I am basically also troubled, perhaps that is my most basic trouble, . . . that we have only the statement, 'I saw him selling.' We don't have the number of times. We don't have where he was with relationship to the parties when the [sale] took place. Or maybe it was just the one [sale], I don't know." The trial judge also expressed concern regarding the lack of money or additional contraband on Speed's person. He also deemed it significant that the area where the incident occurred was "a narcotic area, and [it] would not be unusual for there to be a tablet on the street." The trial judge remarked at the close of the hearing, "I have no question about the integrity of [anyone's] testimony in making my ruling. So please understand that."

On appeal, the government argues, *inter alia*, that Speed had no standing to complain about the recovery of the contraband from the street beneath the cruiser. We agree.

■ This is a case where the sufficiency of an informant's tip[3] and the existence of probable cause need not be determined. The only seizure of evidence occurred when the detective recovered the tablet from the street where appellee threw it as the officers alighted from the cruiser. The act of throwing the tablet to the street constituted an abandonment, *Smith v. United States*, D.C.App., 292 A.2d 150 (1972), and "the officer's recovery of the [tablet] was not a 'seizure' in the fourth amendment sense, but merely a retrieval of abandoned property." *Brown v. United States*, D.C.App., 261 A.2d 834, 835 (1970). *See also United States v. Hayes*, D.C.App., 271 A.2d 701 (1970).

■ As to the trial court's concern about the strength of the government's case and the failure to find other significant evidence on Speed's person, we observe that the government is not required to prove the defendant's guilt upon a motion to suppress evidence, but only that the evidence was properly recovered. A trial on the merits of this case is the proper time for concerns as to whether Speed was in possession of the tablet recovered from under the police car;[4] and the facts regarding the lack of additional incriminating evidence on Speed's person and the nature of the setting of the incident in a drug-trafficking area may be relevant to that determination. The only concern at the motion stage of this case is whether the tablet was recovered by police without offending appellee's Fourth Amendment rights and we hold that it was.

Accordingly, the order granting Speed's motion to suppress is reversed and the case is remanded for further proceedings.

*So ordered.*

2. D.C.Code 1973, § 33–702(a)(4).

3. *See Nance v. United States*, D.C.App., 377 A.2d 384 (1977), for a discussion of the implications of personal knowledge of a narcotics transaction on the sufficiency of an informant's tip.

4. For purposes of the suppression motion, it must be remembered that an accused asserts standing which he does not have if the seized evidence has been discarded on the street by someone else.