The appellant, Antoneye Rod Bivins, appeals from his conviction for the unlawful possession of marijuana in the first degree, a violation of § 13A-12-213, Code of Alabama 1975. He was sentenced as a habitual felony offender, with three prior convictions, to 16 years' imprisonment.
 I.
The appellant contends that the trial court abused its discretion by allowing a juror to propound questions to a witness. Because the appellant did not object to the trial court's permitting a juror to ask questions of the witness, his argument is not preserved for appellate review. "Matters not objected to are not preserved for review." Maul v. State,531 So.2d 35, 36 (Ala.Cr.App. 1987).
 II.
The appellant alleges that the trial court committed error by allowing State's Exhibit 1, a certificate of analysis of the marijuana, into evidence over the appellant's objection.[1]
Specifically, he argues that because the state failed to file a notice, within the statutory period, of its intent to offer proof of the test results by a certificate of analysis, the evidence should not have been allowed.
The record reflects that on August 20, 1996, the state provided the appellant with notice of its intent to offer proof of the test results by a certificate of analysis, as required by § 12-21-301. On September 10, 1996, the appellant filed a motion to suppress the certificate of analysis on the ground that the notice was untimely. The trial, which was originally set to begin September 10, 1996, was continued at the appellant's request and eventually commenced on February 25, 1997, six months after the state gave its notice of intent to offer proof of the test results by a certificate of analysis.
The appellant appears to argue that because the state's notice of intent was filed less than 40 days from the dateoriginally set for trial, the certificate of analysis was untimely and therefore cannot be admitted into evidence. We disagree.
Section 12-21-301, Code of Alabama 1975, provides:
 "The party seeking to introduce a certificate of analysis shall not less than 40 days prior to the commencement of the hearing *Page 523 
or trial, give written notice to all parties of intent to offer proof by a certificate of analysis. The notice shall include a copy of the certificate of analysis."
The statute clearly states that notice must be given 40 days prior to the commencement of the trial. Because the trial commenced six months after the state gave notice of its intent to offer proof of the test results by a certificate of analysis, we hold that the certificate analysis was correctly admitted into evidence.
 III.
The appellant argues that the trial court committed reversible error when it gave an oral charge to the jury that contained what he says was a misleading and incorrect statement of the law.
During his oral charge to the jury, the trial judge made the following statement:
 "Now, in this case the indictment charges possession of marijuana in the first degree. And you've heard the attorneys define the situation and of course what they have to say is actually true. If a person is charged, and it makes no difference the amount, it is a question of possession of and the intent with which that possession takes place. If it is not intended for personal use, it can be possession of marijuana, or any drug for that matter, for other than personal use."
(R. 73-74.) (Emphasis added.)
At the close of the jury charges and after the jury had retired to the jury room, the appellant objected "to the charge in regards to all drugs being used for other that personal use, all controlled substances." (R. 84.) The appellant argued that the statement might mislead the jury. The trial judge responded as follows:
 "THE COURT: Regardless of how it came about, I probably did make a statement that could confuse someone but we're talking strictly about marijuana and nothing else has been mentioned in the trial of this case and I therefore feel it may have been a slip of the tongue and I don't feel it would be prejudicial. It might be more prejudicial to bring them back in here and say something about it."
(R. 84.) (Emphasis added.)
The appellant asserts that the phrase "or any drug for that matter" was highly prejudicial and inflamed the passions of the jurors. The state correctly points out in its brief to this Court that while the trial court may have made an incorrect statement of law, any error that occurred as a result was harmless.
Rule 45, Ala.R.App.P., provides:
 "No judgment may be reversed or set aside . . . on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
Under this rule, the appellant must show not only that there was error, but also that the error resulted in substantial injury.
The record reflects that there was never any mention of drugs other than marijuana during the trial. Furthermore, the trial court correctly charged the jury that:
 "[I]n this case the Defendant has been charged with possession of marijuana in the first degree.
 "A person commits the crime of unlawful possession of marijuana in the first degree if he possess marijuana for other than personal use.
 "To convict, the state must prove beyond a reasonable doubt each of the following elements of unlawful possession of marijuana in the first degree: (1) that the Defendant, Rod Bivins in this case, did possess marijuana. (2) That he do so for other than personal use, and that the Defendant acted knowingly in the possession."
(R. 78-79.)
Because there was no mention of any other drug during the trial and because the trial court subsequently correctly charged the jury regarding the charged offense, we conclude that the trial court's reference to "any *Page 524 
drug for that matter," did not injuriously affect the appellant's substantial rights.
 IV.
The appellant asserts that the trial court erred in overruling his motion to suppress certain evidence, which was based on an allegation that the evidence was the fruit of an illegal search and arrest. Specifically, he argues that the police lacked probable cause to arrest him and, thus, the trial court erred in failing to suppress the marijuana and the currency seized incident to the arrest.
Before trial, the court conducted a hearing on the appellant's motion to suppress the evidence. Sergeant Dan Prestwood, an officer with the drug enforcement unit of the Ozark Police Department, testified that he had received information from a reliable informant that the appellant had recently sold drugs to Wally Sharif at the "Quick Service Cab Company." En route to the cab company, Prestwood saw Sharif walking towards town. As Prestwood approached, Sharif dropped a "dime" bag of marijuana. Prestwood proceeded to the cab company, where he encountered the appellant. Prestwood saw the appellant walk "hurriedly" to the entrance of the cab company and throw a paper bag into a trash can. Prestwood retrieved the paper bag, which contained what appeared to be marijuana. The appellant was then arrested and during a subsequent search of his person, two additional bags of marijuana and $72 were found. At the conclusion of the testimony, the trial court denied the appellant's motion to suppress.
This Court in Carlisle v. State, 533 So.2d 645, 647-649
(Ala.Cr.App. 1987), stated:
 "[T]his is a case where the existence of probable cause need not be determined, because the act of dropping the bag to the median constituted an abandonment. United States v. Speed, 388 A.2d 892, 893 (D.C.App. 1978).
". . . .
 "An illegal stop or arrest may be cured when a defendant voluntarily abandons evidence. Swicegood v. State, 448 So.2d 433, 434 (Ala.Cr.App. 1983); United States v. Beck, 602 F.2d 726 (5th Cir. 1979). The appellant, in the case sub judice, voluntarily abandoned the bag prior to his arrest or any police misconduct. Thus, the issue of whether the police had probable cause to arrest the appellant is inconsequential."
(Emphasis added.)
The appellant's abandonment of the bag containing the marijuana was not the result of unlawful police conduct; Prestwood did nothing more than approach the appellant. Because the appellant voluntarily abandoned the bag containing the marijuana before his arrest, the issue whether there was probable cause to arrest him before the police seized the bag of marijuana from the trash can was irrelevant; thus, the five bags of marijuana were properly seized under the abandoned property rule.
Moreover, the marijuana and currency found on the appellant was properly admitted into evidence. This Court has long held that warrantless searches are per se unreasonable, unless they fall within one of the recognized exceptions to the warrant requirement. Chevere v. State, 607 So.2d 361, 368
(Ala.Cr.App. 1992). These exceptions are: (1) plain view; (2) consent; (3) incident to a lawful arrest; (4) hot pursuit or emergency; (5) probable cause coupled with exigent circumstances; (6) stop and frisk situations; and (7) inventory searches. Ex parte Hilley, 484 So.2d 485, 488 (Ala. 1985). (Emphasis added.) Pursuant to a lawful arrest, a search of the person can be conducted for the purpose of obtaining weapons, evidence, or contraband. United States v. Robinson,414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427, (1973).
Because the police had probable cause to arrest the appellant after seizing the marijuana from the trash can, they could then search the appellant, and any additional evidence seized was seized incident to a lawful arrest.
Accordingly, the trial court's decision on the motion to suppress is due to be affirmed.
 V.
Finally, the appellant contends that the trial court erred by allowing the state to *Page 525 
introduce into evidence Exhibit 3, which was identified as the $72 in currency found in the appellant's pocket, because, he argues, the state did not establish the proper predicate for such admission. Specifically, he claims that Exhibit 3 was inadmissible because, he says, the state did not establish an unbroken chain of custody regarding that evidence.
A question arises as to whether this assertion has been preserved for our review. This Court has held that in order to preserve an issue for appellate review, a timely objection must be made when the evidence was offered and admitted. Newsome v.State, 570 So.2d 703, 717 (Ala.Cr.App. 1989).
The record reveals that when Exhibit 3 was initially admitted into evidence, the appellant failed to object. (R. 30-31.) Only later, when the state moved to admit Exhibits 1, 3, and 4, as a group, did the appellant object, claiming that the proper chain of custody had not been established for Exhibit 3.
Even assuming, however, that the appellant preserved his assertion for appellate review, reversal would not be warranted. Pursuant to § 12-21-13, Code of Alabama 1975, the introduction of physical evidence will not be precluded by a break in the chain of custody, provided a witness identifies the evidence as being "connected with or collected in the investigation of the crime." In the instant case, Exhibit 3 was identified by Sgt. Prestwood, who collected the physical evidence from the appellant in the investigation of the crime.
For the above-stated reasons, we find the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Section 12-21-300, Code of Alabama 1975, which was effective January 1, 1996, provides that in any criminal case, the prosecuting authority may offer a certificate of analysis, in lieu of direct testimony.